## W. T. Adams Machine Company v. Castleberry.

### Opinion delivered November 22, 1909.

1. Sale—Warranty—Damages for breach.—For breach of a warranty in the sale of machinery the vendee is entitled to recover not only the difference between the machinery as warranted and as it is, but also such conseqential damages as are the direct, immediate and probable result of the breach. (Page 311.)

2. Same—Breach of warranty.—Where the vendor of machinery, upon a breach of warranty, retook and resold the machinery, together with other machinery attached to it which belonged to the vendee, the vendee was entitled to recover the purchase money paid by him, the freight and the expense of setting up and trying to run the machinery after it was set up, as well as the value of the other machinery so taken and sold. (Page 312.)

3. Appeal and error—Motion for new trial—General assignment.— A ground set up in defendant's motion for new trial that "the court erred in admitting any and all of the evidence offered by plaintiff over objections of the defendant" is too general and indefinite. (Page 312.)

Appeal from Scott Circuit Court; *J. B. McDonough,* Special Judge; affirmed.

*T. B. Pryor,* for appellant.

The second instruction given by the court is erroneous. The measure of damages is the difference between the actual and selling market value of the machinery and what appellee contracted to pay for it. 47 Ark. 167; 30 Ark. 540.

*A. G. Leming* and *Youmans & Youmans,* for appellee.

This is not an action for deceit but upon express warranty. The second instruction was right. 30 Am. & Eng. Enc. of L. (2d. Ed.) 217 and authorities cited; 64 Ark. 510.

Hart, J. This is an appeal by the W. T. Adams Machine Company from a judgment of. $587.50 rendered against it in the Scott Circuit Court in favor of R. A. Castleberry for damages on account of a breach of warranty in the sale of machinery for a saw mill.

Appellee purchased the machinery in question for the purpose of running a saw mill, and made that fact known to appellant at the time of the purchase. Appellee paid a part of the purchase price and also the freight and expenses of putting up the machinery. When the machinery was set up, appellee could

not do anything with it, and wrote to appellant notifying it of the defect in the machinery. Quite a number of letters passed between them in regard to the matter, and appellant kept promising to make it all right but never did. Appellee purchased a Curtis feed rig, and put it on in the place of the one on the machinery, and says that he could do pretty good work then, but that it would never do nearly as good work as other machinery of the same class and size.

Afterwards appellant's agent took charge of said machinery, including the Curtis feed rig purchased by appellee, and sold the same. Appellee adduced evidence tending to show that the machinery was properly set and adjusted, but that it failed to do the work it was warranted to do because the machinery was defective, and on that account would not do as good work as machinery of the same class and size.

That part of the contract which contains the warranty reads as follows:

### "WARRANTY.

"The above described machinery is warranted to be made, or that it will be made, of good material, and, when correctly and properly set and adjusted, that it will do as good work as machinery of the same class and size."

The principal contention of appellant is that the court erred in giving the following instruction:

"2. If the plaintiff is entitled to recover, and if the machinery was returned by the plaintiff, or if taken back by the defendant without fault of the plaintiff, the plaintiff is entitled to recover any sums plaintiff may have paid on the purchase price and all expenses necessarily incurred in setting up said machinery, in any efforts made to give the machinery a fair trial."

Counsel for appellant rely upon the case of *Matlock* v. *Reppy*, 47 Ark. 148, to sustain their contention. We do not think the case in point. That case was an action for damages for false representations, and the present one is for breach of an express warranty.

A warranty is part of the contract of sale; but a representation is only inducement to it. Inderman's Common Law Cases, p. 20.

Appellee's testimony shows that the part purchase price, the freight, the expenses of setting up .the machinery and of trying to make it run, the cost of the Curtis feed rig, and the expense of taking off the feed rig of appellant and of putting on the new feed rig, amounted to $597.00.

Appellant, when it took possession of the machinery it sold to appellee, also took the Curtis feed rig and sold it, and appellee was entitled to recover its value.

Appellant having taken possession of the machinery sold to appellee, and the jury having found that there was a breach of warranty, appellee was entitled to recover that part of the purchase price paid by him, the freight and the expenses of setting up the machinery. He was also entitled to recover the expense of trying to make the machinery run after it was set up as expense necessarily incurred in consequence of the defect in it.

The amount of these items is not disputed, and we think were proper elements of damage under the facts of this case.

The general rule in such cases is as follows: "The damages recoverable of a manufacturer or dealer for the breach of warranty of machinery which he contracts to furnish or place in operation for a known purpose are not confined to the difference between the machinery as warranted and as it appears to be, but include such consequential damages as are the direct, immediate and probable result of the breach." 30 Am. and Eng. Enc. of Law (2nd Ed.), 217, and authorities there cited.

That reasonable expenses incurred in consequence of the defect in the machinery are recoverable, see *Murry* v. *Meredith*, 25 Ark. 164; *Tatum* v. *Mohr*, 21 Ark. 349.

It is also insisted by counsel for appellant that the judgment should be reversed "because the court erred in admitting any and all of the evidence offered by plaintiff, over objections of the defendant."

This assignment of error points to nothing. It is too general and indefinite. *Edmonds* v. *State*, 34 Ark. 720. See also *Central Coal & Coke Co.* v. *Niemeyer Lumber Co.*, 65 Ark. 107.

We find no error in the record, and the judgment will be affirmed.