# FRIED v. OLSEN et al.

## (133 N. W. 1041.)

**Trial — direction of verdict.**

1. In an action to recover for the alleged conversion of grain upon which plaintiff claims to hold an unsatisfied seed lien, the trial court, at the conclusion of the testimony, denied defendants' motion for a directed verdict, and subsequently granted a like motion in plaintiff's favor. *Held* not error, as there is no substantial conflict in the testimony, and the evidence sufficiently established each of the essential facts entitling plaintiff to recover.

**Lien of vender of seed on grain grown from — presumption that grain was grown from seed sold.**

2. There is no direct evidence showing that the grain in controversy was grown from the identical seed sold by plaintiff, but, in absence of proof to the contrary, and none appears in the record, such fact will be presumed in view of the provisions of § 9443, Penal Code, which makes it a misdemeanor

for the vendee of seed grain to use the same for any purpose other than the purpose agreed upon at the time he purchased it.

**Presumption of innocence of crime.**

3. The presumption that a person is innocent of crime or wrong is expressly recognized by our Code of Civil Procedure (§ 7317, Rev. Codes), and by § 7315 it is provided that, unless controverted, the jury are bound to find according to the presumption.

**Appeal — discretion of trial court as to reopening case.**

4. Trial courts are vested with a broad discretion in permitting or refusing to permit parties to reopen their case for the purpose of introducing further proof, and their rulings on such motions will not be disturbed, where there is not a clear abuse in the exercise of such discretion.

**Lien on grain for purchase price of seed from which grown — market value thereof.**

5. Plaintiff's testimony as to the making of a demand on the defendant for the grain in controversy, and as to the market value thereof at the date of such demand, examined, and *held* competent and sufficient in the absence of any showing to the contrary.

Opinion filed November 24, 1911.   Rehearing denied December 19, 1911.

Appeal from District Court, Griggs county; *E. B. Goss,* Special Judge.

Action by Anton Fried against N. J. Olsen and others, doing business under the firm name of N. J. Olsen & Sons.   From a judgment in plaintiff's favor, defendants appeal.

Affirmed.

*Lee Combs,* for appellants.

*Bartlett & Gladstone,* for respondents.

Fisk, J.   Action to recover damages for the alleged conversion by defendant of certain wheat upon which plaintiff claims to hold a seed lien.   During the times herein mentioned, defendants were public warehousemen engaged in operating an elevator at Hannaford, in this state; and it is not in dispute that they purchased from one Brunsvold at their elevator, in the fall of 1909, 470 bushels and 20 pounds of wheat which was raised by one Sabby during said year on the N. ½ of section 15, township 144, range 61; that such wheat was thereafter demanded from them by plaintiff, which demand was refused; and

that at the date of such demand the value thereof was $402.15. Nor is there any serious controversy as to the fact that plaintiff in the spring of said year furnished to Sabby certain seed wheat to be sown on said land, the agreed price of which was $385, no part of which has been paid, and, to secure the payment of such purchase price, plaintiff in due form filed the necessary verified statement to entitled him to the statutory seed lien on the crops raised on said land from such seed. The vital question of fact in dispute is whether the grain purchased from Brunsvold by defendants was, in fact, grown from the seed thus furnished to Sabby by plaintiff. There are other questions raised, but we find it unnecessary to notice them except in a general way.

At the conclusion of the testimony, defendants' counsel moved for a directed verdict, which was denied. Thereafter the court, on plaintiff's motion and over the objection of defendants, directed a verdict in his favor. Exceptions to both rulings were preserved. Whether these rulings were erroneous depends on the state of the proof at the time they were made. Was there any substantial evidence to prove the alleged fact that the wheat in controversy was raised from the seed thus furnished by plaintiff to Sabby? If not, then manifestly there is no proof of the essential fact of plaintiff's special property in such grain, and a verdict should have been directed the other way.

Aside from the proof that plaintiff sold such seed to Sabby to be sown on the land above described, that such seed was blue stem wheat, and that Sabby raised a crop of this kind of wheat on said land in 1909, there is no direct evidence in the record that the identical seed thus furnished was in fact sown on the land. It is true the evidence shows that in 1909 Sabby agreed at the time of the purchase thereof to use this seed on such land, and there is no proof that he did not do so. The fact that Sabby absconded in the fall of 1909 no doubt accounts for the meager showing on this important point. However, we think, in the absence of some evidence to the contrary, the presumption will be indulged that Sabby used the seed for the purpose for which he purchased it, as by § 9443 of our Penal Code of 1905, which was then in force, it is expressly made a misdemeanor for him to have done otherwise. The section reads: "Every person who, having procured upon credit under the provisions of chapter 84 of the Civil Code any seed to be sown or planted upon any designated tract or piece of land, either: (1)

Uses the same or any part thereof for any other purpose; or, (2) sows or plants the same or any part thereof upon any tract or piece of land other than that designated, without the written consent of the party who furnished such seed, is guilty of a misdemeanor."

It is a universally recognized presumption of law that no one has committed a public offense, and this is embodied in statutory form in this state. Section 7317, Rev. Codes 1905. By the aid of such presumption we reach the conclusion, therefore, that the trial court was justified, in the light of the record, in assuming as an established fact that Sabby sowed such seed on the land above described, and that the wheat in controversy was raised therefrom. Having reached this conclusion, it follows that the judgment must be affirmed, unless the record somewhere discloses prejudicial error in the rulings of the trial judge.

We have carefully considered the various assignments of error set out in appellants' brief, and find none of them meritorious. The first assignment challenges the ruling of the court in denying defendants' motion made at the time plaintiff first rested, but counsel for plaintiff at that time asked to reopen the case for the purpose of proving a demand. Such request was granted, and clearly this was not an abuse of discretion.

Assignments Nos. 5 and 6 challenge the ruling of the trial court in refusing to submit the cause to the jury after denying defendant's motion for the direction of a verdict, but we fail to discover any testimony requiring its submission to the jury. We fail to comprehend how the fact that Brunsvold sold 450 bushels of wheat to Sabby in November, 1908, and that the seed grain which plaintiff furnished to Sabby in the following spring was purchased by him from Sabby in December, 1908, and is a portion of the grain thus previously sold by Brunsvold, is at all material. As the evidence stood, there was no dispute that plaintiff sold to Sabby certain seed wheat in the spring of 1909 to be sown on this particular land, that Sabby sowed the same on such land and raised a crop therefrom, a portion of which is the wheat in controversy, and consequently as to those issues there was nothing to submit to the jury.

Appellant complains of the action of the trial court in permitting the reopening of the case for the purpose of permitting proof of a de-

mand and of the value of the grain at the date of its alleged conversion. It is too well settled to require discussion that trial courts are vested with a broad discretion in permitting parties to open the case after resting; and an appellate court will not interfere with such ruling except in case of a clear abuse of discretion. There was no abuse of discretion in this respect in the case at bar. A previous showing of oversight or inadvertence on the part of plaintiff's counsel as a basis for moving to reopen the case was unnecessary. The case of Wood v. Washington, 135 Wis. 299, 115 N. W. 810, cited by appellant's counsel, is not in point. There the plaintiff, who sued to recover for the value of services, submitted proof solely on the theory of an express contract stipulating the sum. After trying the cause on that theory, and resting, and some of defendant's witnesses had left the court room, the plaintiff sought to change his theory of recovery by showing the reasonable value of the services. This the trial court refused, and the supreme court very properly held that there was no abuse of discretion. There is nothing in Thompson on Trials, § 348, cited by counsel, which militates against the views above expressed.

It is next insisted that it was error to admit plaintiff's evidence as to the value of the grain. We have read the testimony carefully, and find no merit in appellant's contention. Plaintiff testified that he knew the market value of wheat at Hannaford at the time he made the demand. He testified that he acquired such knowledge from the defendants' agent, and that farmers were hauling and selling grain at Hannaford on that day, and he made inquiry as to the price of grain and learned from different sources what the market price was. Similar testimony was held competent in Cochrane v. National Elevator Co. 20 N. D. 169, 127 N. W. 725, and we quote from certain language in the opinion, which is applicable in the case at bar, as follows: "It is a significant fact that defendant nowhere attempted to show that the prices were other than as testified to by plaintiff and his witnesses, although it no doubt had in its possession at all times definite record information upon the subject. While it is true plaintiff had the burden of establishing such market price, and it was in no way incumbent on defendant to furnish evidence upon the question, the fact that no attempt was made by defendant to refute plaintiff's testimony is a strong circumstance tending to corroborate the accuracy thereof." We have noted

22 N. D.—25.

what appellants' counsel say regarding the alleged insufficiency of the demand made by plaintiff upon defendants for the wheat covered by his seed lien, and, while the proof is somewhat meager and the criticism thereof is not without some force, still we think the evidence of such demand in the absence of any countershowing was sufficient.

Having, as we believe, sufficiently answered the various assignments of error of appellants' counsel in so far as such assignments have been argued in the brief, it follows that the judgment must be, and the same is accordingly, affirmed.

Goss, J., being disqualified, took no part in the decision; Honorable W. C. CRAWFORD, of the Tenth Judicial District, sitting in his place by request.