JAMES SEMPLE and W. W. McQueen v. R. T. BURKE and O. E. Thompson.

(157 N. W. 978.)

Upon hearing of the accounting of the receiver of a partnership certain objections were taken and overruled. On appeal it is *held:*

**Accounting — partnership — receiver — objections — interest — computation and allowance — trust funds — used in private business.**

1. That interest should have been allowed upon three items of $675, $400, and $2,115 of his trust funds used by the receiver, or under his direction in his private transactions for the period during which the same was so used, and while the receiver was within this state, he having during the receivership removed therefrom.

**Receiver — removal from state — partnership members — duty to act — interest — allowance.**

2. That upon the removal of the receiver from the state, the members of the partnership should have taken steps to require an accounting from the receiver. As they did not do so, and the receiver having left the funds within the state, interest for the balance of the time as against the receiver should not be allowed.

**Receiver — interest — charged against — district court — judgment.**

3. The interest allowed against the receiver on the above items aggregates $485. The judgment of the district court is ordered modified and interest to that amount allowed plaintiffs. All other items were properly disallowed. Plaintiffs will recover the costs.

Opinion filed April 28, 1916.

Appeal from an order and judgment of the District Court of Cavalier County, *Kneeshaw,* Judge.

Modified and affirmed.

*Grimson & Johnson* and *Joseph Cleary,* for appellants.

"Ordinarily the receiver is entitled to reasonable compensation for his services properly performed." 34 Cyc. 467; State ex rel. Pope v. Germania Bank, 103 Minn. 129, 114 N. W. 651; 23 Am. & Eng. Enc. Law, 1105; Sanford v. Carr, 8 Ky. L. Rep. 967; Speiser v. Merchants' Exch. Bank, 110 Wis. 506, 86 N. W. 243; Carle v. Meyer,

51 App. Div. 5, 64 N. Y. Supp. 1077; McKennon v. Pentecost, 8 Okla. 117, 56 Pac. 958; United States Nat. Bank v. National Bank, 6 Okla. 163, 51 Pac. 124; 27 Am. & Eng. Enc. Law, 187.

But diligence is required of a receiver in handling and collecting the moneys due the estate, and he should not negligently allow accounts to outlaw. 34 Cyc. 253; Heffron v. Milligan, 40 Ill. App. 291; State Central Sav. Bank v. Fanning Ball Bearing Chain Co. 118 Iowa, 698, 92 N. W. 712; Bolles v. Duff, 54 Barb. 215.

"A trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust in any manner." Comp. Laws 1913, §§ 6282, 6290; Patterson v. Ward, 6 N. D. 609, 72 N. W. 1013; Lay v. Emery, 8 N. D. 515, 79 N. W. 1053; 34 Cyc. 254, and cases cited; 39 Cyc. 422–424; Wobbe v. Schaub, 143 Ill. App. 361; Stanley v. Pence, 160 Ind. 636, 66 N. E. 51, 67 N. E. 441; Beach, Receivers, 270, and cases cited.

Mere ability and readiness to pay at any time did not absolve the trustee from payment of interest on moneys used by him and commingled with his own private funds. Lehmann v. Rothbarth, 111 Ill. 185; Kerr v. Laird, 27 Miss. 544; Wolfort v. Reilly, 133 Mo. 463, 34 S. W. 847; Re Stott, 52 Cal. 403; St. Paul Trust Co. v. Kittson, 62 Minn. 408, 65 N. W. 74.

*George M. Price,* for respondent.

This is an equity proceeding, and the appeal should have been taken from the whole, and not from a part, of the judgment. This court has no jurisdiction to review the case on this appeal, only a fragment of the case is here presented. Prescott v. Brooks, 11 N. D. 93, 90 N. W. 131; Crane v. Odegard, 11 N. D. 342, 91 N. W. 962.

"The receiver occupies a position analogous to that of a plaintiff, and the report and exceptions thereto are said to stand as the complaint and answer of the respective parties." 34 Cyc. 454, 456; Johnson v. Central Trust Co. 159 Ind. 605, 65 N. E. 1028.

"Reasonable diligence in endeavoring to collect accounts that come into a receiver's hands is sufficient." 34 Cyc. 257; State ex rel. Pope v. Germania Bank, 106 Minn. 164, 130 Am. St. Rep. 599, 118 N. W. 683; Downs v. Allen, 10 Lea, 652; McDowell's Appeal, 4 Pennyp. 384, 42 Century Dig.

A receiver is not liable for interest upon the funds in his hands under

the order of the court appointing him.    Comp. Laws 1913, § 7592;
39 Cyc. 422; Re Shotwell, 49 Minn. 170, 51 N. W. 910; Berry v.
Evendon, 14 N. D. 1, 103 N. W. 749; Mathewson v. Davis, 191 Ill.
391, 61 N. E. 68.

Where the only duty of a person is to be always ready to pay over
money whenever another is entitled to receive it, he is not ordinarily
chargeable with interest.    Meek v. Allison, 67 Ill. 46; Re Schofield,
99 Ill. 513; Rapalje v. Hall, 1 Sandf. Ch. 399; Jacot v. Emmett, 11
Paige, 142; Price v. Holman, 135 N. Y. 124, 32 N. E. 127; Beard
v. Beard, 140 N. Y. 260, 35 N. E. 488; Re Nesmith, 140 N. Y. 609,
35 N. E. 942; Radford v. Folsom, 55 Iowa, 276, 7 N. W. 604; How
v. Jones, 60 Iowa, 70, 14 N. W. 193; 34 Cyc. 273.

"In the absence of a statute or fixed rule of practice, the amount of
a receiver's compensation is within the sound discretion of the court."
34 Cyc. 470, 472, 474; 39 Cyc. 496; Biddle's Appeal, 129 Pa. 26,
18 Atl. 474.


Goss, J.    The issues involved arise upon objections by plaintiffs to
the accounting of the receiver.    The receiver was appointed in 1907 to
wind up a partnership business and make the collections incident there-
to while an accounting was pending between the partners, plaintiffs
and the defendant.    The receivership was continued pending decision
on the accounting in the district and supreme courts.    See Semple v.
Burke, 26 N. D. 200, 114 N. W. 103, decided in 1913.    Thereafter
the receiver was ordered to account and did so.    Objections were taken
thereto, and as to those overruled this appeal is taken.

The receiver has accounted for $7,888 coming into his hands during
his receivership.    This does not include interest upon moneys com-
mingled with the receiver's individual funds or otherwise used by
him or by the bank in which it was deposited, and of which he was one
of the acting officials.    Concerning this the lower court made the follow-
ing finding: "That during the receivership the receiver has used the
funds of the receivership as follows:   $675 on August 30, 1907; $400
on September 16, 1907; $2,115 on December 17, 1909," and that in-
terest at 7 per cent upon said amounts during the time it was used by
said receiver, or permitted by him to be used by others, amounted at
date of judgment, April 24, 1914, to $1,142.    But the trial court dis-

allowed this interest to plaintiff on the ground that the receiver had at all times been able and willing to account for said moneys; that he had been appointed by mutual consent of the parties; that the order appointing him did not require that he invest said funds or make interest thereon; that the parties to this litigation had a superior knowledge of its probable duration "and are negligent in not requiring the receiver to report the funds on hand to the court and secure a direction from the court to the receiver that the receiver make interest thereon." Misuse of the funds by the receiver is established beyond cavil.

Receiver Thompson testifies:

Q. Is it not a fact that you deposited in that bank while you were receiver, $7,957.21?

A. My report shows $7,887.91. . . .

Then the payment of claims is shown.

Q. And on the 30th of August, 1907, you issued a check for $675 against that account, did you not?

A. I think so.

Q. Was that for any transaction connected with the receivership?

A. No.

Q. On the 16th of December, 1907, you issued a check against this account for $400 did you not?

A. Yes, sir.

Q. Was that for anything connected with the receivership?

A. No.

Q. On the 17th day of December, 1909, you issued a check as receiver against this account for $2,115, did you not?

A. Yes, sir.

Q. Was that for any transaction in connection with the firm of R. T. Burke & Company or in which it was interested?

A. No.

Q. This latter item was for some transaction in the bank, was it not?

A. Yes, sir.

Q. Has that money ever been returned to you?

A. No.

Q. Has the $675 been returned?

A. Yes. . . .

Q. Now what was this $400 item for, as you recall?

A. I can't remember at this time.

Q. And the item of $675, do you recall that?

A. My recollection is that that was used temporarily in payment on a piece of land.

Q. Well, it was a private matter?

A. Yes, sir.

Q. And these three items that I have mentioned of $675, $400, and $2,115, were for private matters, all outside transactions?

A. The two smaller ones were for private transactions, yes.

Q. And the other one was for something in which the bank was interested?

A. Yes, sir.

Witness then testifies to having returned the items of $675 and $400 to Bain, cashier of the bank, upon Thompson's removal from the state in 1911, and that "I simply left them with him as trustee for the same until such time as the matter should be closed up.

Q. You mean the receivership matter?

A. Yes.

Q. And now as to the third item, $2,115, where is that?

A. That is in the First National Bank at Langdon.

Q. And was that left there for the same purpose as the other items?

A. It is not in the same condition, but they are responsible to me for it.

Q. These three items represent funds of the receivership do they?

A. They do.

The receiver was the cashier of said bank for over two years of his receivership, and he testifies that during the years from 1906 to 1910 that said institution was paying interest at 5 and 6 per cent on deposits for one year or more.

These funds were used by the receiver, or by the bank under his sanction, and probably by his direction. Whether they should have been invested at interest during said time is immaterial. They were used as money loaned of the partnership during these periods when they should have been kept as a trust fund either intact or at interest. "In the absence of any special directions of the court it is the duty of a

receiver to keep the funds instrusted to him entirely separate and distinct from his individual funds. If he deposits the money in bank for safe keeping, it should be deposited to a separate account in his name as receiver, so that the fund may at all times be traced and identified. And when, in disregard of this duty, the receiver violates his trust by mixing the trust fund with his own money, keeping the whole in one common bank account in his own name and using large sums as temporary loans from time to time, he is guilty of such a breach of trust as to render himself liable for interest upon the fund. And such interest will be charged him in the final settlement of his accounts, regardless of whether he himself derived profit from the fund or interest from the loans." High, Receivers, 4th ed. § 803. The receiver should be asked to pay interest at the legal rate during said periods while he was within this state and acting as receiver. The trial court adjudged that, because these plaintiffs were negligent in not exacting an accounting during the entire period from the time this money came into his possession until after the decision on the appeal, that interest should be disallowed. This conclusion as an equitable adjustment of rights is sustained to the extent only of holding the plaintiffs negligent in not exacting an accounting of the receiver upon his leaving the state in 1911. He should have been called to account within a reasonable time after that. It was negligence in the plaintiffs to suffer the receiver to leave the state without exacting from him an accounting. If the receiver and plaintiffs were the only parties interested, the reasons might not apply with the full force as here, where the evidence discloses that a bondsman of the receiver has already been called upon to respond for a portion of the funds already accounted for. Under the circumstances the receiver should account for interest on the $675 and $400 items from the dates of receipt in the fall of 1907, or for three and one-half years at 7 per cent per annum, or an allowance of $263 interest on said two items loaned by the receiver and at the end of that time replaced with Bain in said bank. The receiver has testified that he replaced them, and Bain has not denied it, and it will be assumed that said amount was replaced. Likewise, interest for the one and one-half years after December 17, 1909, on which date $2,115 was diverted from the receiver's trust account and before the receiver left the state should be charged at 7 per cent per annum, making an interest charge of $222 on that item,

aggregating a total allowance for interest of $485 chargeable against the receiver on his accounting.

It is also sought to charge the receiver with accounts to the amount of $2,016, which it is alleged he permitted to outlaw in his hands. This was properly refused by the trial court. There is no evidence upon which a finding of the amount of damage from this source could be based, assuming that it was otherwise valid. The testimony discloses the accounts in part were good and in part bad. That several hundred dollars of accounts were collected. That some effort was made toward collecting the balance. That $400 of these were accounts due from members of the partnership. Admitting the receiver did not sue or use due diligence to collect the $1,600 balance of old accounts, yet he cannot be held as a guarantor of these accounts. The value of them is not shown. It is impossible to fix the amount of any damages otherwise recoverable from this source.

As to the item of fees allowed the receiver, to which exception was taken on the ground that the receiver had not properly performed his duties and was not entitled to any payment, it would seem that the 5 per cent of total collections allowed him was not unreasonable. The matter is one largely in the discretion of the trial court.

A practice question is raised on appellants' appeal. Besides the usual notice of appeal from the order settling the account of the receiver, the appellant embodies in the notice, as a part thereof, what evidently were meant as specifications particularly designating the portions of the order that would be challenged on the appeal. Appellant did not thereby vitiate the notice of appeal, as respondent contends. The appeal is from the whole order and confers jurisdiction.

The judgment appealed from is modified to the extent of allowing a recovery by the plaintiffs from the receiver of said interest charge aggregating $485. As so modified, the order appealed from is affirmed. Plaintiffs will recover costs on this appeal, the modification of the order being in a substantial amount. Judgment will be entered accordingly.