CHICAGO—FIRST DISTRICT—DECEMBER, 1921. 165

Canada Maple Exchange, Ltd. v. Scudder Syrup Co., 223 Ill. App. 165.

## Canada Maple Exchange, Ltd., Defendant in Error, v. Scudder Syrup Company, Plaintiff in Error.

### Gen. No. 26,177.

1. SALES—*when right to damages for breach of warranty not defeated by failure to examine merchandise before shipment.* Under a contract for the sale of sugar containing the words "Subject to examination by the buyer before shipment," the failure to so examine did not preclude the buyer from subsequently claiming damages for breach of warranty.

2. SALES—*failure to give notice to seller of breach of warranty as barring buyer's claim therefor.* Under Cahill's Ill. St. ch. 121a, ¶ 52, sec. 49, providing that acceptance does not bar an action for damages, but that if after acceptance of the purchased goods by the buyer the buyer fails to give notice to the seller of a breach of warranty within a reasonable time after the buyer knows or ought to know of the breach, the seller shall not be liable therefor, the defendant in an action for the price of a car of sugar lost any claim it had under said section, where there was no evidence tending to show notice to plaintiff of any breach of warranty, and where the first plaintiff knew of any such claim was when the set-off was filed, more than a year after the receipt of the sugar.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed December 21, 1921.

LANNEN & HICKEY, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant to recover $275.09 claimed to be due it for the balance of the purchase price of a carload of maple sugar sold and delivered by plaintiff to defendant. The defendant admitted that it had received the sugar but claimed that there was a breach of warranty in that the sugar was not of the quality purchased, and filed a set-off

on account of the damages it claimed to have sustained, by reason of such breach of warranty, in the sum of $2,599.33, waiving, however, any damages in excess of $1,000.

The cause was tried before a judge and a jury and on the pleadings the court held that the burden of proof was on the defendant to establish its damages as claimed. This theory was accepted by counsel for defendant and he proceeded. Before defendant had completed all of its evidence the court took the view that under the contract entered into between the parties the defendant was required to examine the sugar before it left Montreal, Canada, from which place it was shipped, and since this was not done defendant was entitled to nothing under its claim of set-off and directed the jury to find in favor of the plaintiff for the amount of its claim and against the defendant on its set-off, which was accordingly done.

The contract between the parties was in writing and is dated May 7, 1917. So far as material, it provides that plaintiff has sold to the defendant the carload of sugar in question described in the contract as ''Beauce County Block Maple Sugar (Pure)'' at 13¼ cents per pound, cash f. o. b. Montreal. The contract also contained the following: ''Subject to examination by the buyer before shipment.'' The evidence tends to show that about ten days or two weeks after the contract was made, defendant remitted $5,000 to plaintiff at Montreal and the car of sugar was then sent to Chicago. It further appeared from the evidence that after the sugar arrived in Chicago certain import duties were paid by the defendant, and W. T. Scudder, of the defendant company, testified that he tasted and smelled the sugar and that it was not in accordance with the terms of the contract; that the sugar was then removed from the car to defendant's place of business. The record then discloses that while this witness was testifying the court and counsel for both

sides discussed the law at considerable length, and the conclusion reached by the trial judge was that the contract required an examination by the buyer before shipment, and since no examination was made, the defendant was not entitled to have any claim for damages by reason of any breach of warranty. The defendant's counsel then offered to prove that several months after the car was unloaded defendant had a sample of the sugar analyzed by the Columbus laboratories and that it was found to contain not to exceed 50 per cent of maple sugar and was worth not more than 10 cents per pound.

We think the court was in error. While, of course, the parties might enter into a contract which provided that unless inspection was made at Montreal no complaint could thereafter be urged, but we are of the opinion that this was not such a contract. It authorized the buyer to examine the sugar at Montreal before shipment but it does not state that unless this is done the defendant will be considered to have waived any claim thereafter that the sugar did not comply with the contract. We, however, are of the opinion that the trial judge correctly directed a verdict and entered judgment thereon for the reason that section 49, ch. 121-a, Rev. St. (Cahill's Ill. St. ch. 121a, ¶ 52) provides: "Sec. 49. Acceptance does not bar action for damages.) In the absence of an express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor." This section of the statute was not brought to the attention of the trial judge, nor has it been referred to in defendant's brief here. Plain-

tiff has filed no brief. This section provides that if the purchaser of goods finds that they are not according to the contract, he must, within a reasonable time, notify the seller of this fact, and, if this is not done, the purchaser loses any claim he may have against the seller. There is no evidence in the record, nor was any offer made, tending to show that defendant notified the plaintiff that the sugar was not in accordance with the terms of the contract. So far as it appears from the record, the first the plaintiff knew of this was when the set-off was filed, which was July 27, 1918, more than a year after the sugar was received. For the failure of the defendant to notify the plaintiff within a reasonable time that the sugar was not in accordance with the contract requirements, the defendant lost any claim it had under section 49 above quoted.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.