## MINNEAPOLIS THRESHING MACHINE COMPANY, a Corporation, Appellant, v. JOSEPH HUNCOVSKY, Respondent.

(202 N. W. 280.)

**Appeal and error — if no evidence was introduced and no finding made in equity case on material question, case should be remanded and reopened to take testimony.**

1. Where, through inadvertence, no evidence is introduced and no finding is made, in an equity case, upon a material question, that bears directly upon the amount of damages awarded the defendant, the case will not be reversed generally on that ground alone, but should be remanded and reopened for the taking of testimony and for findings on the matter omitted.

**Trial — reopening case and permitting defendant to introduce testimony after both sides had rested not abuse of discretion.**

2. For reasons stated in the opinion, it is held, that it was not an abuse of discretion to reopen the case and permit defendant to introduce more testimony after both sides had rested, but before judgment had been ordered, following Fried v. Olsen, 22 N. D. 381, 133 N. W. 1041.

**Chattel mortgages — admission of evidence to prove notice by buyer to seller of warranted personal property or failure to conform to warranty held proper.**

3. Evidence is properly admitted to prove notice given by vendee to vendor of warranted personal property to the effect that the property does not conform to the warranty.

Costs on reversal and granting new trial on appeal, costs of first trial not taxable against then losing party, unless reversal and new trial are necessary through its fault.

4. When a reversal is ordered on appeal and a new trial granted, the costs of the first trial should not be taxed against the then losing party, unless the reversal and the new trial are made necessary through its fault.

Sales — reasonable expenditure for labor and repairs in good faith to make warranted article conform to just requirements of buyer may be recovered by buyer.

5. Expenditures for labor and repairs, reasonably made in a good faith effort to make the warranted. article conform to the just requirements of the buyer, may be recovered by the vendee of the article in an action to recover damages for breach of warranty.

Release — evidence that release of warranties was obtained by fraud and misrepresentation is admissible.

6. Evidence that a release of warranties was obtained by fraud and misrepresentation is admissible as tending to show that the instrument never had legal existence.

Opinion filed December 6, 1924.    Rehearing denied December 31, 1924.

Appeal and Error, 4 C. J. § 3234 p. 1195 n. 87, 90: § 3241 p. 1201 n. 42; § 3240 p. 1200 n. 31.    Chattel Mortgages, 11 C. J. § 548 p. 726 n. 47 New.    Costs, 15 C. J. § 606 p. 246 n. 83 New.    Evidence, 22 C. J. § 1621 p. 1215 n. 65; § 1623 p. 1219 n. 84.    Fraud, 26 C. J. § 1 p. 1059 n. 3.    Release, 34 Cyc. p. 1102 n. 15.    Sales, 35 Cyc. p. 466 n. 97; p. 474 n. 34.    Trial, 38 Cyc. p. 1939 n. 4, 6.

Appeal from the District Court of Morton County, North Dakota, *Berry*, J.

Remanded for further proceedings.

*Lawrence, Murphy & Niles,* for appellant.

Failure to read contract as affecting the right to relief therefrom on the ground of fraud of other party; as a general rule ignorance of the contents of a contract, due to failure to read it, affords no ground for relief therefrom.    Pratt v. Metzger (Ark.) 95 S. W. 451; Quinby v. Shearer, 56 Minn. 534, 58 N. W. 155; Sanborn v. Sanborn, 104 Mich. 180, 62 N. W. 371; Griffin v. Roanoke Railroad & Lbr. Co. 6 L.R.A. (N.S.) 463.

"It is well settled that a person who signs an instrument without reading it, when he has the opportunity to read it and can read, can-

not avoid the effect of his signature merely because he was not informed of its contents." 12 R. C. L. 386.

"Proof of fraud must be clear and convincing, and be evidenced by facts which are inconsistent with an honest purpose." Reitsch v. John McCarthy, 35 N. D. 555; Kvello v. Taylor, 5 N. D. 79.

"Where an order for goods is received and transmitted to the seller by the latter's traveling salesman, who had no actual or ostensible authority to contract for sale, but only to receive and transmit the orders of customers, there is no sale until the order is received and accepted by the seller." Bowlin Liquor v. Beaudoin, 15 N. D. 557.

*Norton & Kelsch,* for respondent.

"One class of fraud goes to the very existence of the contract, where a release is misread to the releasor or where there is a substitution of one paper for another, or where a party is tricked into signing an instrument which he did not intend to execute. In such case the minds of the parties did not meet upon, and there was no consent whatever by the defrauded party to the ultimate propositions purported to be covered by the contract." Swan v. Great Northern R. Co. 168 N. W. 660.

"An adequate legal consideration is essential to the support of all release." 34 Cyc. 1049.

"The authorities are uniform that a release must be founded on a valuable consideration and that the plea is not good unless the consideration is alleged." King v. Atlantic C. L. R. Co. 48 L.R.A. 454 and authorities cited.

"That where there is total failure of the consideration for a release it may be disregarded for it constituted no defense to a suit brought on the original cause of action." 34 Cyc. 1054.

"A court of equity does not sustain these shorthand bars, such as a release, a stated account, and the like, unless they be pleaded as not only existing instruments, but also as being fair and true and proper to be equitably enforced. . . . So, with respect to this particular subject of a release now before us, Lord Redesdale states in Mitford, Ch. Pl. (Jeremy's ed.) 263 that the plea of release must set out the consideration upon which it was made, if it be impeached in that point. . . . In other words, the release, unless fairly obtained and on a proper consideration, ought not to preclude the court from going

into the case and dealing out justice to the parties according to its real facts." King v. Atlantic C. L. R. Co. 48 L.R.A. 454.

"Trial courts are vested with a broad discretion in permitting or refusing to permit parties to reopen their case for the purpose of introducing further proof, and their rulings on such motions will not be disturbed, where there is not a clear abuse in the exercise of such discretion." Fried v. Olsen, 22 N. D. 382.

JOHNSON, J. Plaintiff brought this action to foreclose a chattel mortgage covering a tractor and a set of plows. The case was tried to the court. Two questions were submitted to a jury for an advisory verdict. Upon the answers of the jury and the findings and conclusions of the trial court, a judgment was entered in favor of the defendant for the sum of $782.00 on his counterclaim based upon an alleged breach of warranty and deceit by reason of false representations alleged to have been the inducing cause of defendant's purchase of the tractor and the execution of the note and mortgage. Plaintiff appeals from the judgment.

This is the second time that this action has been before this court. The opinion on the former appeal is reported in 49 N. D. 1086, 194 N. W. 830. In that opinion the facts are fully stated; they are not materially different now. We do not deem it necessary to restate the facts, but refer to the former opinion for a statement thereof; supplemented, as a discussion of the various points may require, by reference to the testimony upon the second trial.

One Tibesar, who was the agent of the plaintiff when the deal was made, did not testify at the second trial. The testimony of the defendant Huncovsky is, therefore, wholly undisputed. In addition to the testimony given by this witness as it appears in the former opinion, he stated that when the order was signed by him on the 17th of July, 1919, the agent Tibesar said that the tractor would be put in "first class shape" and that that was what the parties meant by the clause inserted in the order "as soon as repaired." His testimony discloses the fact that no work was done on the tractor until some time in the spring of 1920 and that failure to repair it was apparently the principal reason why it was not delivered in 1919. When he signed Exhibit 4 on April 24, 1920, to which reference is made in the former

opinion in this case, he testified that he had been in Bismarck, at the shops of the agent Tibesar, had seen the tractor and that it was still out of repair; that they were then working on it and had not completed the work when he left the shop, that when he was all ready to board the train, Tibesar appeared and insisted that he sign Exhibit 4; that defendant had no time to read it because he desired to catch the train; that the agent Tibesar told him that he wanted him to sign this so that he (Tibesar) would not have to go out if the tractor did not work, as he (Tibesar) expected to be busy with his crops; that defendant then asked: "Are you afraid the tractor won't work?" Tibesar answered "No, the tractor is in good shape;" defendant then said: "I will take your word for it," and signed the exhibit without reading it, because the train men were shouting "all aboard" and the train was about to leave. Upon reading the instrument on the train, defendant found that he therein stated that he had fully examined the property prior to delivery, knew its quality and accepted the same without any warranty whatsoever; and that the property had been sold and delivered to him on the 24th day of April, 1920, the date when this instrument was signed. In this connection it should be noted that the instrument purports to recite facts contrary to the truth. The tractor was not delivered on that day and was not in fact shipped until the 27th of April— three days later; the deal was made the preceding July, as the record shows without dispute, and the note and mortgage signed the following January, and the defendant did not accept the tractor as it was, but the agent was then, on April 24, working on it, repairing and overhauling it, and apparently did not complete that work for some days thereafter. When the agent presented Exhibit 4 to defendant at the railway station, reciting that the tractor was then "in good shape," the agent knew that the tractor was not in fact in running order; his men were working on the machine at that time.

The contentions of the plaintiff are that the machine was sold without warranty and plaintiff relies principally upon the instrument executed on April 24, 1920, in support of that contention. It is also contended that the proof of damages is insufficient; that the court erroneously received certain exhibits, that is, notices of attempted rescision of the order made after the defendant discovered that the tractor was not usable; that costs of the first trial were erroneously taxed against

the plaintiff; that it was error to permit defendant to prove, as a part of the damages, that he paid freight charges on the machine, purchased repairs for it and expended money for labor in attempting to make it work. Other assignments are made, which we deem it unnecessary to discuss because of a minor character.

At the conclusion of the testimony, counsel for the parties stipulated that two questions be submitted to the jury, as follows: 1. "What would the tractor have been worth had it been generally overhauled and repaired at the time of its delivery, as represented, if such representations were made?" 2. "What was the actual value of the tractor in the condition it was in at the time of its delivery to the defendant?" The following appears in the record: It is further stipulated that the court make findings of fact upon all of the other material issues of fact in controversy in this action and the usual conclusions of law." Counsel for the plaintiff concurred in the stipulation and in the submission of the questions, with the following reservation: "Plaintiff does not concede, however, that there is any question of value established in the case, as far as either question is concerned, and does not concede that the questions above referred to call for the proper measure of damages under the issue in this case." It was further stipulated that these questions and the answers thereto are submitted for advisory purposes only." The jury answered the first question, "$1500.00," and the second question, "$150.00."

In the former opinion it was held that the agreement was not fully expressed in the order of July 17, 1919, but that resort must be had to the subsequent parol agreements and conversations between the parties; and the conclusion was reached that there was evidence to support a finding that the tractor was sold with certain warranties. See § 12, Sales Act (Sess. Laws 1917, § 12, chap. 202). It was there pointed out that the evidence was in direct conflict as to the negotiations of April 24, 1920, which culminated in the execution of Exhibit 4, claimed by plaintiff to have released it from liability on account of warranties. Inasmuch as the issue of release was neither submitted to the jury nor considered by the trial court, a new trial was then ordered. In this connection it must be noted that the conflict as to the negotiations of April 24, pointed out in the first opinion, does not now exist. The agent Tibesar did not testify at the second trial and the

version of these negotiations, given by the defendant, is undisputed and unchallenged.

It is urged that Exhibit 4 effectually releases plaintiff from the warranties claimed by defendant. The uncontradicted testimony of the defendant is to the effect that his signature to the release was obtained by fraudulent representations, and that the instrument was signed in reliance on such representation. The testimony is not objectionable on the ground that it tends to alter the terms of a written instrument. It is permissible to show fraud in connection with releases or written instruments. Dalheimer v. Lucia, 50 N. D. 78, 194 N. W. 925; 22 C. J. 1217; J. B. Colt Co. v. Cousino, 226 Mich. 518, 198 N. W. 222; and in order to prove that a contract never had legal existence; Creasey Corp. v. Dunning, 182 Wis. 388, 196 N. W. 775. "What is fraud but the obtaining an advantage over another by deception, trick or artifice? . . . He who intended at the time to turn the transaction from an innocent to a fraudulent purpose is a fraud doer." Martin v. Righter, 10 N. J. Eq. 510, 525; Suravitz v. Pristasz, 119 C. C. A. 573, 201 Fed. 337. The representation as to the condition of the tractor was false in fact and the falsity thereof must have been known to the agent at the time it was made; the representation as to the purpose for which the instrument was desired was misleading. See Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219, 37 L.R.A. 519, 59 N. W. 1066. This disposes of plaintiff's principal defense to the counterclaim. The trial court was justified in finding that the machine was sold with certain warranties and upon the faith of certain representations and that the defendant did not release the plaintiff therefrom.

Plaintiff contends that the trial court erred in permitting a reopening of the case and in receiving additional testimony in behalf of defendant. The court gave plaintiff opportunity to present any testimony it might desire in view of the evidence adduced when the case was reopened. Trial courts have wide discretion in this regard. There was no abuse thereof. Fried v. Olsen, 23 N. D. 381, 133 N. W. 1041.

Plaintiff suggests error because the court admitted testimony, largely in the form of letters, tending to show an attempted rescission of the sale after discovery of the breach of the warranty. The counterclaim is based on damages resulting from the breach. The evidence was offered for the express and limited purpose of showing notice of the

breach to plaintiff. Section 49 of the Uniform Sales Act (Sess. Laws 1917, § 49, chap. 202), precludes any claim for breach of warranty if "the buyer fail to give notice to the seller of the breach of any promise of warranty within a reasonable time after the buyer knows, or ought to know, of such breach." For the purpose for which the evidence was offered, it was clearly admissible. Canada Maple Exch. v. Scudder Syrup Co. 223 Ill. App. 165; Bass v. Bellofatto, 96 N. J. Law, 320, 115 Atl. 302; Henderson Tire & Rubber Co. v. P. K. Wilson & Son, 235 N. Y. 489, 139 N. E. 583; Schram v. Guttenberg, 198 N. Y. Supp. 209; Tegen v. Chapin, 176 Wis. 410, 187 N. W. 185; Wildman v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984.

It is urged that the trial court erroneously taxed the costs of the first trial against the plaintiff, notwithstanding plaintiff obtained a reversal of the judgment and a new trial on appeal to this court. The rule is settled in this jurisdiction that liability for the costs of the first trial, when a new trial is granted on appeal, is determined by the answer to the question, "which party was in fault and made a new trial necessary?" Corbett v. Great Northern R. Co. 28 N. D. 136, 150, 148 N. W. 4. Reference to the former opinion discloses the fact that a new trial was granted principally on the ground that the theory of release from the warranty, relied on by plaintiff, was not submitted to the jury by the trial court.- The release, however, was pleaded and offered in evidence by the plaintiff, but the trial court did not in any manner submit that issue to the jury. In the circumstances we do not feel justified in holding that the reversal was made necessary through the fault of the plaintiff, within the rule enounced in Corbett v. Great Northern R. Co. supra.

Plaintiff offered evidence to show that he expended money for repairs and labor on the tractor, in an effort to put it into working condition. He also proved the freight charges paid by him. These items he was permitted to recover. It is alleged that this was error. The contention is without merit. The machine did not work; he tried to put it in order. We think that the expenditures, both for labor and repairs, were fairly made, in good faith, and in a reasonable effort to make the warranted tractor conform to the just requirements of the buyer and the condition of the warranty. In the circumstances, the defendant was entitled to recover the freight he paid, as well as the items for labor

and repairs. We think that such items constitute "proximate damage" within § 69, subd. 7 of the Sales Act. Dahl Implement & Lumber Co. v. Campbell, 45 N. D. 239, 249, 178 N. W. 197; W. T. Adams Mach. Co. v. Castleberry, 92 Ark. 310, 122 S. W. 998; Isaacs v. Jackson Motor Co. 108 Kan. 17, 193 Pac. 1081; Williston, Sales, 2d ed. § 614.

The plaintiff contends that the proof of damages was insufficient. The order, given by defendant in July, 1919, included plows, rims, and a tractor. Through inadvertence, doubtless, no testimony was offered as to the value of the attachments and the plows. These attachments, it is now asserted, were of substantial value and the plaintiff should have some credit therefor. In this contention we think plaintiff is clearly correct, though a reversal of the judgment is not thereby rendered necessary. On the question of the value of the accessories, the case should be reopened for further testimony, and the judgment modified, as may be necessary, according to the findings of the trial court thereon. Otherwise, there is sufficient evidence to support the findings as to the value of the tractor and a further discussion thereof is not necessary.

Remanded for further proceedings not inconsistent herewith. Neither side to recover the costs of this appeal.

BRONSON, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.