This case has been before this court on a former occasion. Kramer v. K.O. Lee Son Co. 61 N.D. 28, 237 N.W. 166. It grows out of a sale by the defendant to the plaintiffs of a second-hand *Page 87 
gas tractor. There was a written order signed by the plaintiffs. The purchase price was $850.00. The plaintiffs paid $300.00 in cash and executed and delivered to the defendant two notes; one for $250.00 and one for $300.00. The plaintiffs also paid freight charges on the tractor amounting to $64.00. The plaintiffs claim that they were induced to sign and deliver the written order in reliance upon and by reason of false and fraudulent representations made by the defendant. They attempted to rescind the contract and brought suit. On the former appeal this court held that the rescission was not timely and that plaintiff's right of action, if any, was one for damages resulting from the alleged fraud. The opinion on the former appeal contains a full statement of the facts. The written order in question is set forth there and will not be reproduced here. In the decision on the former appeal this court held that there was no competent evidence as to the value of the tractor if it had been as warranted and what it was worth in the condition in which it was delivered. In the opinion in the case it was said:
"The plaintiffs must concede liability . . . on the notes and mortgages, but are entitled to offset any damages they may have sustained."
After the case had been remanded to the district court both plaintiffs and defendant filed amended pleadings. In their amended complaint the plaintiffs alleged in substance that the defendant made certain representations and warranties as to the tractor; that it presented to plaintiffs a written order for the purchase thereof and represented that such written order contained all the representations and warranties that the defendant and its agents had made; that the defendant prevented the plaintiffs from reading the order and induced each of them to sign and deliver the same and also to sign and deliver the notes and chattel mortgages; that plaintiffs signed and delivered the same in reliance upon the representations made by the defendants and in the belief that the same were true. It is further alleged that the representations were false and untrue and that the written order contained statements and provisions contrary to what the defendant had represented that it contained. It is also alleged that the tractor had no value. The plaintiffs demanded judgment in the sum of $1500.00.
The defendant, in its amended answer, alleged that the tractor was sold to the plaintiffs under a written contract and order; that it was *Page 88 
delivered by the defendant and accepted by the plaintiffs in accordance with such written contract and order and that the same contained the entire agreement between the parties. The answer further denied the allegations of the complaint except those admitted. The defendant further, by way of counterclaim, set forth that the plaintiffs were indebted to it on the two certain promissory notes aggregating $550.00; that such notes were secured by chattel mortgage and judgment was demanded for a dismissal of plaintiffs' action and that defendant have judgment against plaintiff for the amount due upon the promissory notes, and foreclosure of the chattel mortgage. The case was tried to a jury and resulted in a verdict in favor of the plaintiffs for $914.00 with interest from March 16, 1927 (this is the date of the written order and of the two promissory notes). Judgment was entered pursuant to the verdict and the defendant has appealed.
Numerous errors are assigned. The first are directed at the sufficiency of the evidence and are predicated upon the denial of motions for a directed verdict. It is argued that the undisputed evidence shows that the plaintiffs signed a written order; that such written order expressly excludes all warranties; that this order constitutes a written contract binding upon the parties; that, consequently, there was no implied warranty of fitness and that the plaintiffs are precluded from asserting anything contrary to the terms of the written contract. Much of this argument was covered and disposed of in the opinion on the former appeal. 61 N.D. 36, 237 N.W. 169. The plaintiffs here are not seeking to recover on the written contract. They are seeking to recover damages for the wrong which they say was practiced upon them by the defendant in inducing them to sign the contract for the purchase of the tractor, and to purchase and accept the tractor.
It is contended that there was no evidence of fraud sufficient to warrant the submission of that question to the jury. This contention cannot be sustained. The undisputed evidence shows that each of the plaintiffs signed the contract at a different time and place. The plaintiff Roy Kramer signed it in a bank in the city of New England at the solicitation of the president of the defendant company. Thereafter the president of the defendant company took the contract and the notes bearing Roy Kramer's signature to the farm of the plaintiff W.F. Kramer (Roy Kramer's father) where he signed the papers. The latter *Page 89 
testified positively that he is unable to read. Both the plaintiffs testified that the president of the defendant company specifically recited to them the warranties which he claimed were embodied in the written order and contract; that he insisted there was no occasion for their reading the order and the testimony as to both plaintiffs indicate reasons which made it convenient and desirable that they accept his representations and sign the order without taking the time to read it or having it read. In the circumstances there is, we think, evidence justifying the submission of the question of fraud to the jury and the defendant is not permitted to say that the plaintiffs should not have accepted his representations as to the contents of the order. 3 Williston, Contr. § 1516; Elliott Supply Co. v. Green, 35 N.D. 641, 160 N.W. 1002; 13 C.J. 371, 372. See also Minneapolis Threshing Mach. Co. v. Huncovsky, 52 N.D. 112, 118,202 N.W. 280. One who has been guilty of positive fraud in inducing another to refrain from reading a document should not be permitted to excuse his misconduct by the stupidity or credulity of the defrauded party. 3 Williston, Contr. § 1516. If the plaintiffs told the truth fraud was practiced to their injury. The case is not one where this court can say that the testimony of plaintiffs is untrue.
Error is also assigned upon the instructions to the jury. Some of these assignments are not supported by argument; others are related to and covered by what has been said as regards the sufficiency of the evidence.
Appellant also contends that the verdict is in excess of the damages that were proven. This contention is well founded. There is no evidence justifying recovery for any item of damages except for the injury arising from the fact that the tractor was worth less than it would have been worth if it had measured up to the representations and warranties that the plaintiffs claim defendant made as regards it, and which warranties it represented were contained in the written order. The evidence adduced by the plaintiffs is to the effect that if the tractor had been as represented it would have been worth the purchase price agreed upon at the time and place of delivery, namely, $850.00 plus freight or $914.00 in all, but that it was in fact worthless. The undisputed evidence shows that the plaintiffs paid out only $364.00 in cash, and that the defendant still holds the two promissory notes given *Page 90 
for the balance of the purchase price and aggregating $550. The verdict returned was for $914.00 with interest from the date of the purchase.
It is obvious that the jury allowed the plaintiffs a verdict, not only for the amount that they had paid, but for the amount of the purchase price which they had not paid and for which the defendant held plaintiffs' notes. These notes were made the basis of a counterclaim, but the counterclaim was in effect disallowed by the verdict of the jury. We are not concerned with the niceties of the particular form that the verdict should have taken. In any view of the case the verdict is erroneous and denied the defendant something to which it was clearly entitled.
Under the evidence the plaintiffs are entitled to recover from the defendant only $364.00 with interest. In a case where a counterclaim is interposed the court should determine the ultimate rights of the parties on each side and render judgment in favor of the one entitled to recover for whatever excess he may be entitled to receive. Comp. Laws, 1913, § 7679. In short, in an action where a counterclaim is interposed and each party has a valid claim against the other, the judgment should fully determine their rights and award a judgment for the excess to the party whose claim exceeds that of the other. The judgment appealed from here awarded the plaintiffs $914.00 with interest. If it had not been challenged by this appeal and had become final it would have constituted a bar so far as defendant's counterclaim is concerned and plaintiffs could have enforced the same for the full amount awarded. The judgment appealed from must therefore be modified so as to award the plaintiffs a judgment against the defendant only for the sum of $364.00 with interest from March 16, 1927. The modification is of such nature as to entitle the appellant to recover costs and disbursements of this appeal. First Nat. Bank v. Calkins, 16 S.D. 445, 93 N.W. 646; Semple v. Burke, 34 N.D. 152, 157 N.W. 978. And inasmuch as the cost of the first trial was not occasioned by any fault of the defendant plaintiffs are not entitled to tax and recover costs and disbursements of such trial but are entitled to tax costs and disbursements of the second trial only. Corbett v. Great Northern R. Co. 28 N.D. 136, 150, 148 N.W. 4; Minneapolis Threshing Mach. *Page 91 
Co. v. Huncovsky, 52 N.D. 112, 119, 202 N.W. 280; Taylor v. Minneapolis St. P. S. Ste. M.R. Co. 63 N.D. 332, 248 N.W. 268.
The cause is remanded with directions that the district court enter a new judgment conformable to the directions of this opinion. The defendant is entitled to set off the costs and disbursements awarded to it on the former appeal against the damages and costs awarded to the plaintiffs here.
NUESSLE, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.