LIBERTY NATIONAL BANK OF DICKIN-
SON, Dickinson, North Dakota, a cor-
poration, Plaintiff and Respondent,

v.

Stasia DALY, E. F. Daly, also known as Ed.
F. Daly, Chris Grenz, Rose Grenz, Emma
McKeever, Leo McKeever and Elsie Mc-
Keever, Defendants,

Stasia Daly and E. F. Daly, also known as
Ed. F. Daly, Defendants and Appellants.

No. 7815.

Supreme Court of North Dakota.

June 4, 1959.

Murtha & Murtha, Dickinson, for plaintiff and respondent.

William E. Heller, Bismarck, for defendants and appellants.

MORRIS, Judge.

On February 18, 1952 Stasia Daly was the owner of a one-fourth interest in two lots in the city of Dickinson, Stark County, North Dakota. On that date she and her husband Ed. F. Daly executed and delivered a mortgage to The Liberty National Bank of Dickinson on all of her interest in these lots to secure a joint and several note dated February 18, 1952, due August 18, 1952, in the sum of $5,000. This note was signed by the mortgagors and also by Chris Grenz and Rose Grenz.

This action was commenced on January 17, 1958 to foreclose the mortgage. The Dalys and the Grenzes were named as defendants. The only parties served with process were Stasia Daly and her husband. Chris Grenz and Rose Grenz were residents of the state of Montana and not having been served in the state of North Dakota the action proceeded to trial without them. The answer of the Dalys sets up a general denial and a nebulous counterclaim against the plaintiff alleging an agreement on the part of the plaintiff to furnish a substantial amount of abstract business and credit to the defendants and that by reason of the failure of the plaintiff to carry out its agreement the defendants have suffered embarrassment, shame, damage to credit standing and substantial loss of wages and profits.

The answering defendants made a motion for a summary judgment of dismissal on these grounds: (1) because jurisdiction was not obtained of Chris Grenz and Rose Grenz who were indispensable parties and (2) because the action was improperly and improvidently brought and was properly justiciable in the district court of the United States. The trial court denied the motion for summary judgment. The case was then tried to the court without a jury. Pursuant to findings of fact and conclusions of law made by the court judgment was entered decreeing foreclosure of the mortgage and sale of the property described therein to pay the mortgage debt. The court also found that the defendants Stasia Daly and Ed. F. Daly had failed to prove the allegations of their answer and counterclaim or damages as claimed therein.

After the parties had rested and the trial court had announced his decision from the bench, defendants' counsel stated that he would like to reopen the case. Plaintiff's counsel objected. The court announced that the case was closed and directed the plaintiff to prepare findings of fact, conclusions of law and order for judgment. The defendants moved for a new trial on the ground that the court abused his discretion in not permitting the defendants to reopen. The court entered an order denying the motion for new trial. The defendants Stasia Daly and Ed. F. Daly have appealed from the judgment and from the order denying a new trial.

We first direct our attention to the defendants' motion for summary judgment and the two grounds upon which it was based. It is argued that Chris Grenz and Rose Grenz are indispensable parties defendant and therefore the appellants were entitled to have the action dismissed. This is an action to foreclose a mortgage which neither Chris Grenz nor Rose Grenz signed upon property in which they had no interest. The fact that they signed the joint and several note which was secured by the mortgage does not make them indispensable or necessary parties to the foreclosure. 37

Am.Jur., Mortgages, Sec. 548; 59 C.J.S. Mortgages § 627i; Jones on Mortgages, Eighth Edition, Sec. 1780; Wiltsie on Mortgage Foreclosure, Sec. 414. Our conclusion in this respect is strengthened by the fact that in Section 32–1907 1957 Supplement to NDRC 1943 it is provided:

"It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32–1904 and 32–1906."

Sections 32–1904 and 32–1906 permit separate actions for the recovery of deficiencies. The judgment herein rendered does not purport to bind the Grenzes. They were not indispensable parties to the rendition of the judgment against the mortgagors and the court did not err in denying the motion to dismiss the action on the ground that jurisdiction of indispensable parties had not been acquired.

▇▇▇ In a proper case diversity of citizenship is a ground for removal of a civil action from state to federal jurisdiction. It is initiated by the filing of a petition and bond in the district court of the United States for the district and division within which the action is pending as prescribed by U.S.C.A. Title 28, Sec. 1446. No such petition and bond were filed. When the correct procedure is followed, if removal is warranted, it results not in a dismissal of the action but in its transfer from state to federal court. A motion for a summary judgment of dismissal in the state court is not a proper method of raising and presenting the question of available federal jurisdiction. The trial court did not err in denying the motion for summary judgment.

▇▇▇ The only ground upon which the appellants seek a new trial is that the court abused its discretion in not permitting them to reopen the case. The trial court in announcing his decision from the bench after the parties had rested stated that the counterclaim involved a promise to turn over certain abstract business and that no evidence had been submitted on the issue presented by the counterclaim. Appellants' counsel stated that he would like to reopen the case, to which the plaintiff objected. The court advised him that the case was closed. Appellants' counsel made no offer of proof nor did he insert in the record any statement of what evidence he had or what he expected to prove if the case was reopened. He gave no reason or excuse for not submitting evidence on the counterclaim before he rested. In paragraph 4 of the Syllabus by the Court in Fried v. Olsen, 22 N.D. 381, 133 N.W. 1041, 1042, we said:

"Trial courts are vested with a broad discretion in permitting or refusing to permit parties to reopen their case for the purpose of introducing further proof, and their rulings on such motions will not be disturbed, where there is not a clear abuse in the exercise of such discretion."

That case has been cited in support of this point in Minneapolis Threshing Machine Company v. Huncovsky, 52 N.D. 112, 202 N.W. 280 and Charon v. Windingland, 72 N.D. 70, 4 N.W.2d 645. See also Torkelson v. Byrne, 68 N.D. 13, 276 N.W. 134, 113 A.L.R. 1213; 88 C.J.S. Trial § 105; Bancroft's Code Practice and Remedies, Sec. 1235. The burden is on the appellants to show an abuse of discretion. They have utterly failed to sustain that burden. The trial court did not err in denying the appellants' motion to reopen the case. The judgment and order appealed from are affirmed.

SATHRE, C. J., and BURKE and TEIGEN, JJ., concur.