LEONARD, CROSSET & RILEY, A PARTNERSHIP, *v.*
P. WEIDNER & CO., A PARTNERSHIP.

*Charge to jury — Breach of contract for fraud — Special instructions — Breach of warranty of sale.*

In an action for breach of contract of sale, where the issue is for fraud, and the general charge of court clearly sets forth the issues involved and the law applicable, it. is not error for the court to refuse to give to the jury special instructions based on the theory that the action is for breach of warranty.

(Decided May 23, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Walter A. Ryan* and *Mr. Raymond Ratliff,* for plaintiffs in error.

*Mr. Charles B. Wilby* and *Messrs. Newcomer & Gebhard,* for defendants in error.

BY THE COURT. The defendants in error, as plaintiffs below, brought an action in the superior court against Leonard, Crosset & Riley, defendants below, and secured judgment.

The petition avers in the first cause of action that the plaintiffs and defendants entered into an oral contract, by the terms of which defendants agreed to sell and plaintiffs to buy one carload of winter apples, to be shipped by defendants to plaintiffs at Kunkle, Ohio, with a stop-off at Edon, Ohio; that as part of the contract, defendants represented and warranted that the apples would be good, fair quality, hand-picked winter apples, with not to exceed fifty bushels of apples of the Ben Davis variety in said car, and agreed to separate the different

varieties by properly constructed bins and partitions; that defendants, for the purpose of inducing plaintiffs to receive and accept the car, falsely and fraudulently, and with intent to deceive, loaded said apples with some of inferior quality, windfalls, etc., at the bottom of the pack and those conforming to the terms of the contract on top, and included in said shipment about 120 bushels of Ben Davis apples. And that the apples were shipped to the plaintiffs and the bill of lading forwarded attached to sight draft. On the arrival of the car, plaintiffs inspected same, found the apples at the top were of good grade, and, believing the shipment to be uniform throughout and as per warranty, paid the draft and proceeded to unload.

The claim is made, not only that inferior apples were shipped, but that the apples were packed with intent to defraud and deceive the plaintiffs; that, upon inspection, the plaintiffs were in fact deceived, paid the draft, and it was not until some days later while unloading that the fraud was discovered; that within a reasonable time they notified the defendants.

Defendants set up the claim that there was no intent to deceive; that the apples were up to warranty when shipped and that the deterioration in them was due to shipment in bulk, exposure to weather, and to the fact that the car was not iced.

The issue on the first cause of action is for fraud, that is, that the car was loaded in a fraudulent manner, with intent to deceive the plaintiffs and induce them to accept the apples and pay the draft; that the plaintiffs were thus deceived to their damage.

The second cause of action is based on breach of warranty arising from the sale of apples in baskets, as per samples. These apples were rejected by plaintiffs, and defendants claim that the apples were substantially up to sample, or that the transaction was a specific sale of designated apples, which plaintiffs had inspected and accepted.

The defendants also ask in their cross-petition for damages for rejection of this second car.

No claim of error is made by the defendants, now plaintiffs in error, as to the second cause of action, either in the brief or in oral argument. So the issue, made by the second cause of action and the answer and cross-petition thereto, will not be considered.

The only errors complained of in this court are that the trial court erred in refusing to give special written charges, numbered 1, 2 and 3, to which ruling, the defendants excepted.

Special charge No. 1:

"If you find that after the acceptance of the apples at Edon by the plaintiffs, Weidner and Company, that they failed to give notice to the defendants of a breach of any promise or warranty with respect to the apples within a reasonable time after the plaintiffs knew, or ought to have known, of such breach, the defendants would not be liable for any damages arising out of the car of apples shipped to Edon."

Special charge No. 2:

"If you find that the contract was made at Greenville, Michigan, between the plaintiffs and defendants for the sale and delivery of certain

apples at Edon, Ohio, and that after the acceptance by the plaintiffs of said apples at Edon and with full knowledge of their quality they continued to sell said apples without notification to the defendant of the quality of the apples, I charge you that no obligation is imposed upon the defendant which survives the acceptance of the apples by the plaintiffs."

Special charge No. 3:

"If you find that Weidner and Company accepted the car of apples shipped to Edon on the day of their arrival and paid the price therefor, and soon thereafter discovering that the apples were not up to the standard they thought had been agreed upon by the plaintiffs and defendants, and after such discovery of the inferior quality and before notice had been sent to the defendants the plaintiffs appropriated a large part of the apples and sold the same, then I charge you that by such retention and selling on the part of the plaintiffs they have waived their rights under any promise or warranty on the part of the defendants and can not recover from the defendants on their first cause of action."

There is no question that upon a written request to charge before argument it is error for the court to refuse, if the charge offered correctly states the law, is pertinent to one or more of the issues, and has not been covered by some other special charge. However, the special charges requested in this case are all based on the theory that the first cause of action is brought under the Sales Act, for breach of warranty; whereas, in fact, said first cause of action is predicated on fraud. The Sales Act,

which became effective January 1, 1909, and which contains General Code Section 8429, on which charge No. 1 is based, would be authority for such a charge, if the action was for breach of warranty. Section 8453, General Code, part of the same act, is as follows:

"In any case not provided for in this chapter, the rules of law and equity, including the law merchant, and in particular the rules relating to the law of principal and agent and to the effect of fraud, misrepresentation, duress or coercion, mistake, bankruptcy, or other invalidating cause, shall continue to apply to contracts to sell and to sales of goods."

The second and third requests are based upon *Bowman Lumber Co.* v. *Anderson,* 70 Ohio St., 16, and *Manton* v. *Perry,* 9 C. C., N. S., 326. Both of these cases were decided prior to the passage of the Sales Act, and contemplate the acceptance of articles delivered in good faith and in the absence of fraud. In the case at bar, fraud was alleged, and was submitted to the jury under proper instructions by the court. See also Williston on Sales, 1083, and *McAroy* v. *Wright,* 25 Ind., 22.

We find no error in the refusal of the court to give the special charges above set forth. The general charge of the court was quite clear and set forth fully the issues involved and the law applicable thereto.

The judgment of the court below will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.