SAMUEL M. BASS, RESPONDENT, v. ROCCO BELLOFATTO, APPELLANT.

Submitted July 7, 1921—Decided November 3, 1921.

By section 49 of the Sale of Goods act (*Comp. Stat.*, *p.* 4658) acceptance of goods by a buyer does not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract, but in order to hold the seller liable, the buyer must show that he gave notice of the breach to the seller within a reasonable time after he knew, or ought to have known, of the breach.

On appeal.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *Samuel W. Boardman, Jr.*

For the respondent, *Philip J. Scholland.*

The opinion of the court was delivered by

SWAYZE, J.    This is an action for the purchase price of some lumber which was delivered and accepted. As the trial judge found, the main ground relied upon by the appellant is the refusal of the judge to receive evidence that the material was inferior and not as ordered, and that it required considerable work to be done before it could be used for the purpose for which it was ordered.

The evidence was objected to on the ground that the defendant had accepted the material without notice of defects; under those circumstances he must prove something more than the mere fact that the material was inferior and not as ordered. In some jurisdictions the acceptance would preclude the defendant from setting up this defence, but section 49 of the Sale of Goods act expressly enacts that in the absence of express or implied agreement, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract. The offer of the defendant must, we think, be taken to mean that it was an offer to prove that the inferior quality amounted to a breach of the contract. If so, the difficulty in the defendant's case is that there is no finding that the buyer gave notice to the seller of the breach within a reasonable time after the buyer knew. or ought to have known, of the breach. Where such notice is not given the statute provides that the seller shall not be liable. The justice of this provision need not be defended, since it is the statute law of the state. It may be interesting, however, to counsel to examine the discussion of the subject in *Willis. Sales,* § 488. The rejection of this testimony, therefore, in the absence of proof of notice as required by the statute, was proper.

One of the objections to the judgment specified is the exclusion of evidence of the defendant's architect as to changes in the plans of the building for which the defendant had ordered the material and the exclusion of the estimates. In the brief, the admissibility of this evidence is rested upon the ground that changes were made and the quantities of material thereby varied. The difficulty is that this defence does not seem to have been set up on the trial. The same difficulty applies to the complaint that the plaintiff did not deliver all the goods contracted for. There is no finding to this effect, and we have not the evidence before us. There is also objection that the court below disregarded the estimate upon which the contract was based so far as involved pencil figures connecting up the estimate figures with the contract figures.

There is a difficulty, however, in this objection. The pencil figures appeared in the margin of the estimate. They were first called to the court's attention, and it was urged that they should be considered in evidence a week after judgment had been rendered and appeal taken. This was too late.

We see no error in the proceedings and the judgment must therefore be affirmed.