WILLIAMSBURGH STOPPER COMPANY *vs.* MONROE L. BICKART.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The defendant contracted to purchase a quantity of crowns or bottle stoppers from the plaintiff, which were never received personally by the defendant but were shipped, in accordance with his instructions, directly to his customers in various parts of the country, who accepted them and paid the defendant for all but a small portion of them. *Held* that, under these circumstances, the delivery to the defendant's customers was a delivery to him; and that his lack of opportunity to inspect the crowns so delivered was of no legal significance in determining the rights arising out of breaches of contract alleged to have been committed by the plaintiff with respect to such deliveries.

The trial court instructed the jury that if a buyer accepts goods which are not delivered within the time specified in the contract, or if, after an examination of them or a reasonable opportunity for examination, he accepts goods which are not of the quality called for by the contract, he is liable for the full purchase price, subject, however, to a recovery by way of counterclaim of such damages as he has sustained by reason of the seller's breaches. *Held* that the trial court did not err.

A buyer who accepts goods is not entitled to recover damages for breach of any promise or warranty by the seller, unless, as required by § 4715 of the General Statutes, he gives notice to the seller of the defect within a reasonable time after he knows, or ought to know, of it.

The contract in the present case provided that "no claim for any cause will be made [by the defendant] except within thirty

days after receipt of goods." The defendant complained of the trial court's instruction to the jury that it was for them to determine whether the time thus fixed was a reasonable time. *Held* that, under § 4737 of the General Statutes, the parties had the right to prescribe the period within which the defendant must make his claims; and that the trial court's instruction, so far from being harmful to the defen  ', was too favorable to him.

Argued June 1st—decided July 30th, 1926.

Action to recover the purchase price of certain crowns or bottle stoppers sold to the defendant, brought to the Superior Court in Fairfield County and tried to the jury before *Banks, J.;* verdict and judgment for the plaintiff for $8,410.89, and appeal by the defendant. *No error.*

The record discloses that the plaintiff and the defendant by the transfer, duly made, of certain contracts, became obligated under a written contract, which provided that the Williamsburgh Stopper Company agrees to sell and Monroe L. Bickart, of Stamford, Connecticut, agrees to buy a specified quantity of crowns, and that the time of delivery should be "as the requirements of the buyer may demand in his business from April 1st, 1923, to December 31st, 1923. A reasonable notice of delivery to be given the seller for each shipment." The terms were stated to be: "Payable in 30 days from date of invoice or 2% discount for cash if remitted within ten days from date of shipment. If buyer fails to make payment according to the terms of this contract, seller shall be under no obligation to make further shipments, and may at its selection at any time cancel all or any part of buyers' unfilled specifications with seller, and proceed for the collection of the amount unpaid on shipments previously made. The seller guarantees the crowns will be strictly of the best quality and also guarantees against any decline in their prices, or the buyer may without

prejudice or other lawful remedy cancel this contract." And upon the contract appeared: "This contract is not transferable without the consent of the seller. It is hereby agreed that no claim for any cause will be made except within thirty days after receipt of goods, and that the seller shall not, in any event, be liable for damages arising from the use of material sold hereunder."

The complaint alleged the sale and delivery by the plaintiff to Bickart of stoppers pursuant to the terms of the agreement, during August, September and October, 1923, which at the agreed prices amounted to $7,627.56, and further alleged that for credit and allowances during such months the defendant was entitled to a credit of $151.21, and that the plaintiff has demanded the balance of $7,476.35 of the defendant, who has not paid it.

The defendant in his answer denied that the plaintiff has sold and delivered such goods and that he has accepted them. He also set up in connection with his answer a counterclaim to the following effect: *Counterclaim.* (1) Pursuant to the terms of the contract set up in the complaint, it was duly agreed and provided that upon a reasonable notice of delivery being given to the plaintiff by the defendant for each shipment, that then and thereupon the plaintiff would make prompt delivery of each shipment as and when ordered; and, further, that the plaintiff would and did guarantee the crowns to be strictly of best quality. (2) The plaintiff knew that the defendant was purchasing the crowns for resale throughout the United States and that prompt deliveries would be required, and that it must keep on hand a stock of crowns sufficient to supply the customers without delay. (3) The plaintiff failed to make prompt shipment of each order, and failed to comply with the contract, and deliver

crowns strictly of the best quality as agreed. (4) By reason of these failures to deliver and the defective quality of the crowns, the defendant was greatly damaged, and his valuable crown business seriously injured. The defendant claims by way of set-off $15,000 damages and demands judgment therefor or for so much thereof as he may be entitled to over and above the plaintiff's claim.

The plaintiff denied the allegations of the counterclaim, and filed a second defense as follows: (1) The contract annexed to the complaint provided: "It is hereby agreed that no claim for any cause will be made except within thirty days after receipt of goods and that the seller shall not, in any event, be liable for damages arising from the use of material sold hereunder. (2) The defendant never made any claim for any cause against the plaintiff within thirty days after receipt of any goods by him, under the contract, nor as alleged in the complaint."

The defendant admitted paragraph one and denied paragraph two of the second defense.

The record further discloses that the defendant was a jobber in the crown business, and crowns were, pursuant to orders and directions of the defendant, shipped to various of the defendant's customers by the plaintiff.

*Raymond E. Hackett,* for the appellant (defendant).

*Norris E. Pierson,* for the appellee (plaintiff).

CURTIS, J. This action was begun in November, 1923, after the refusal of the defendant to pay for the crowns delivered during August, September and October, 1923, and after the refusal of the plaintiff to continue to make shipments after defendant's refusal to pay, made in accordance with the provisions of the contract to the effect that the buyer's failure to make

payments according to the terms of the contract relieves the seller from any obligation to continue ship-, ments. No question arises as to the validity of this conduct of the plaintiff.

The jury rendered a verdict for the plaintiff to recover $8,410.89; the defendant moved that this verdict be set aside as contrary to the evidence. This motion the court denied. The questions arising upon the appeal relate to the denial of the motion to set aside the verdict, to the charge as made, and to the refusal to charge as requested.

As appears from the record and the brief of the defendant, he never personally received delivery of any of the crowns called for by the contract, but they were in each instance shipped and delivered pursuant to the defendant's instructions, direct to the defendant's customers, who were located in various parts of the United States. The defendant thus never had an opportunity personally to inspect the crowns when delivered to his customers, and they accepted and used the crowns without his inspection, and during August, September and October, 1923, the plaintiff sold to the defendant and delivered to his customers various consignments of crowns, the contract purchase price of which was $7,476.35; these crowns were accepted by the defendant's customers and used as far as possible, and they paid the defendant for all of the crowns with the exception of eight shipments amounting to $568.50. These customers, he offered evidence to prove, refused to pay the defendant for the eight shipments because of the poor quality of the crowns and because of delayed deliveries.

The defendant refused to pay the plaintiff for the crowns sold and delivered to his customers during August, September and October, 1923, amounting, at the purchase price, to $7,476.35, because (1) the crowns

did not comply with the express warranty in the contract that they should be "strictly of the best quality," (2) they were not delivered in accordance with the requirements of the defendant.

The above facts show that a delivery of crowns to the defendant's customers was a delivery to him. *Welshausen* v. *Parker Co.*, 83 Conn. 231, 76 Atl. 271.

Whatever causes of action, if any, arose out of the delivery of goods in breach of the contract, were causes of action of the defendant. That the defendant did not have an opportunity to inspect the crowns delivered to his customers is of no legal significance in relation to the rights arising out of a breach of the contract in their delivery.

The defendant claims that, under the pleadings and the facts, the plaintiff was not entitled to a judgment for the purchase price unless it sustained the burden of proving that the crowns delivered to the defendant's customers and accepted and used by them, were in accord with the specific warranty (or guarantee) of the contract, that they "will be strictly of the best quality," and were delivered within the time provided.

The plaintiff, on the other hand, claims that it is entitled to a judgment for the purchase price upon proof of the delivery to and acceptance of the crowns by customers of the defendant, when the defendant retained the goods for a reasonable time without intimating to it that he had rejected them, or notifying it of the breach of any promise or warranty within a reasonable time after he knew or ought to have known of such breach.

Assignments of error 1, 7, 7a, 8, 10 and 11 attack the charge of the court as made in accord with the claims of the plaintiff, as follows: "Now, it is both common sense and the law that one cannot receive and enjoy the use of goods sold and delivered to him and refuse

to pay for them simply because they were not delivered to him within the time called for by the contract of sale.  If the goods are not delivered within the time specified in his contract, he can insist on his strict legal right and refuse to accept them and thus put an end to the contract.  If he does not do this but accepts the goods, he is obliged to pay for them and the delay in shipment is no defense to an action for the purchase price.  The same rule applies when it is claimed that the goods delivered were not of the quality called for by the contract.  If after examination of the goods or a reasonable opportunity for examination the buyer, instead of exercising his legal right to refuse to accept goods because they are not of the contract quality, does accept and use them, he is bound to pay for them and the poor quality of the goods is no defense to an action for the purchase price.  It being conceded, therefore, that defendant's customers accepted all the crowns for which the plaintiff is seeking to recover, I charge you that the plaintiff has proven the allegations of its complaint and is entitled to recover in this action the contract price of the crowns sold to the defendant as alleged in its complaint with interest thereon, and that your verdict should be in favor of the plaintiff for that amount unless you find that the defendant is entitled to recover some amount from the plaintiff under his counterclaim which should be set off against the amount due the plaintiff as the purchase price of their crowns."  Sales Act, §§ 48, 49, 63 (General Statutes, §§ 4714, 4715, 4729).  The following cases support the charge of the court: *Brown Bag Filling Machine Co.* v. *United Smelting & Aluminum Co.,* 93 Conn. 670, 107 Atl. 619; *Katz* v. *Delohery Hat Co.,* 97 Conn. 665, 118 Atl. 88; *Vapor Vacuum Heating Co.* v. *Kaltenbach & Stephens, Inc.,* 94 N. J. L. 450, 111 Atl. 171.

Williston on Contracts, Vol. 2, § 714, p. 1370, thus interprets § 49 above: This provision amounts to this, "that the seller's tender of the goods is treated as an offer of them in full satisfaction [of the contract], but the buyer is allowed a reasonable time for accepting the offer. Moreover, if he declines to take the goods in full satisfaction he need not return them. The practical advantages of the statutory rule, and its ease and certainty of application commend it." But in accord with § 49, if the buyer accepts the goods, and fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor.

The court charged: "This rule would mean in the present case that the defendant could not recover damages from the plaintiff under his counterclaim for delay or breach of warranty of quality except in the case of those shipments where he has given notice of such breach of warranty within a reasonable time after defendant knew or ought to have known of such breach. In the case of a claim for delay, this would mean a reasonable time after the receipt of the shipment. In the case of a claim for poor quality, it would mean a reasonable time after he found out or should have found out that the crowns were of poor quality. . . . The law, which says that such notice shall be given within a reasonable time, does not prevent the parties themselves from agreeing in the contract of sale itself as to the time within which such notice shall be given, and that is just what the plaintiff and defendant have done in this contract which we have before us. . . . If you should find that the provision in the contract requiring a thirty days' notice was under the circumstances a reasonable one and gave the defendant sufficient time in which to discover any defects in the

crowns and give notice thereof, then the defendant can recover no damages either for delay or because of poor quality, except in the case of specific shipments where he has made a claim thirty days after the receipt of the shipment in question. If you should find that in the case of the sale of goods of this character and under the circumstances here disclosed, a limitation of thirty days within which to make any claim on the part of the buyer was unreasonable, then the defendant would be bound to give notice within what you might find was a reasonable time, all things considered, and could recover such damages as he might prove he had suffered by reason of breach of warranty in the case of shipments where he had given notice of such breach within the time which you find was reasonable. Such notice may have been verbal or in writing."

The above portion of the charge is attacked by assignments of error three and five. The parties by this contract fixed, as they had a right to do, thirty days after receipt of the goods as the limit of what would be reasonable time for making claims. The charge of the court, in leaving it for the jury to say whether the thirty days was a reasonable time, was more favorable to the defendant than he was entitled to. General Statutes, § 4737.

The defendant claims that the court erred in its charge as to the warranty in the contract that "the crowns will be strictly of the best quality." The court then upon the supposition that under the evidence a question of fact was before the jury as to the quality of the crowns, presented this matter in an unexceptionable manner. The verdict indicates that the jury found adversely to the defendant.

In view of the conceded facts, the defendant's offers to prove do not present any facts requiring a charge to the jury other than that given or from which the jury

could reasonably have found that under the provisions of the contract and §§ 48 or 49 of the Sales Act (General Statutes, §§ 4714, 4715) the defendant was entitled to recover under his counterclaim; no question properly arose as to the defendant's right to recover as to a defective delivery, or for breach of warranty. The complaint of the defendant that the court erred in restricting him to such rights of recovery as arose from compliance with the Sales Act has no merit whatever.

The jury by its verdict in favor of the plaintiff has found all the facts submitted to it by the court in accord with such verdict. None of the other assignments of error require consideration. We hold that the court properly charged the jury in all particulars objected to by the defendant, and that the verdict was in accord with the facts that the jury might reasonably have found, and that the motion to set it aside was properly overruled.

There is no error.

In this opinion the other judges concurred.