LIND, M. D. v. ZEISEL

Ohio Appeals. 8th Dist. Cuyahoga Co.

No. 8052.     Decided May 16, 1927.

297. CONTRACTS—Where medical services are rendered to twenty-four-year-old daughter, father cannot be held for same unless he promised to pay for same, expressly or impliedly.

First Publication of this Opinion

VICKERY, J.

Samuel Lind brought an action in the Cleveland Municipal Court to recover from Henry Zeisel, for certain medical services performed on behalf of a daughter, twenty-four years of age. Mrs. Zeisel called the doctor and he performed an operation, later the daughter was again taken to the hospital and a second operation was performed by Dr. Lind. Judgment was rendered against the doctor, and error was prosecuted. The Court of Appeals held:—

1. Nothing was said by anybody as to payment for the services until after the second operation was performed; and when the doctor spoke to the father and mother, both disvlaimed financial responsibility.

2. There is nothing in the record to show that the parents requested the doctor to serve the daugher; and if there were, there was no promise afterwards to pay this bill.

3. It does not appear that the father knew that the doctor was called; and there is nothing in the record to show that he acquiesced in it or paid for it afterwards.

4. In order to hold the father in this case, there must be a promise express or implied. There being neither in the record, judgment is affirmed.

Judgment is affirmed.

(Sullivan, PJ.; Levine, J., concur.)

Attorneys—A. W. Bell for Lind; T. J. Long for Zeisel; both of Cleveland.

No. 544

THOMAS v. WILLIAMSON HEATER CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2991.   Decided April 4, 1927.

27. ACTIONS—The nature of the action must be gathered from the pleadings.

297. CONTRACTS—Where an action is brought claiming a breach of certain warranties contained in a contract the action is one tor damages for breach of contract and not for recission even though the amount of damages asked for is the same as the amount of the purchase price mentioned in the contract.

First Publication of this Opinion

HAMILTON, PJ.

This action grows out of the purchase and sale of a heating furnace for the home of the plaintiff, Thomas. The petition alleges that the plaintiff entered into a contract in writing with the defendant, for the purchase of a heater.

The petition alleges that the contract provided for the installation of the furnace in the home of the plaintiff and also the installation of all pipes and other things necessary for the efficient operation of the furnace. The contract also contained certain warranties. The plaintiff had paid the purchase price of the furnace, and had done all things on his part to be performed, but the furnace failed to comply with the warranty contained in the contract. The answer admitted the warranty and the payment of consideration, and denied the other allegations of the petition. A jury was waived, and the Court found for the defendant on the grounds that it was an action for recission and that the plaintiff had failed to give proper notice.

The Court of Appeals reversed the Common Pleas, and held as follows:

1. It is the law that the nature of the action must be gathered from the pleadings. Raymond v. Ry. Co., OS. 271; Fredrickson v. Nye, 110 OS. 483; Shell Co. v. Albertson, 99 OS. 11; Lust v. Bank, 114 OS. 312.

2. The pleadings show clearly that the action was one for a breach of contract. The mere fact that the damage claimed is in the same amount as the purchase price does not alter the cause of action.

Judgment reversed.

(Cushing and Buchwalter, JJ., concur).

Attorneys—Paul Scudder, Hamilton and Frank E. Wood, Cincinnati, for Thomas; Cobb, Howard & Bailey, Cincinnati, for Heater Co.