HUTCHINSON *v.* RENNER ET AL.

(Decided April 6, 1928.)

*Mr. J. B. Palmquist,* for plaintiff in error.
*Mr. Raymond B. Bennett* and *Mr. John A. Weber,*
for defendants in error.

FUNK, J. The parties are in the same relation as they were below and will be referred to as plaintiff and defendants.

Plaintiff, George Hutchinson, sued defendants to recover the balance due on a promissory note given for several cows defendants purchased from plaintiff. The petition was in the usual short form.

The answer for the first defense admitted the execution and delivery of the note and the partial payments thereon, as alleged in the petition, and denied all other allegations in the petition. The second defense, after adopting the allegations of the first defense, reads as follows:

"Defendants further say that there is a failure of consideration of said note in that, to wit, that on or about the 9th day of May, 1926, the defendants herein purchased of the plaintiff certain cattle, and that

one Holstein cow known as Norka Pontiac Maplecrest No. 827627 was one of the cattle purchased at said time for a consideration of $142.50, and that the price paid for said cow was included in the note set forth in the petition of the plaintiff herein.

"Defendants say that said cow was represented by the plaintiff herein as being with folio and as having been bred two months prior to the sale and as being with calf at time of sale, and that the defendants herein purchased said cow on said representations.

"Defendants further say that said cow was never with calf, and that said cow was sterile and was known as a so-called 'nonbreeder,' and that the actual market value of said cow at the time purchased by the defendants herein was not in excess of $50, and that, therefore, there is a partial failure of consideration of said note, in the amout of $92.50, and said note was obtained by false and fraudulent representations on the part of the plaintiff herein.

"Wherefore defendants pray that the petition of the plaintiff herein be dismissed, and that they go hence with their costs."

The case was tried to a jury and a verdict was returned for defendant, on which judgment was rendered. Plaintiff is here on petition in error, seeking to reverse that judgment.

After the jury was impaneled and counsel on both sides had made their opening statements, and before any evidence was offered, counsel for plaintiff made a motion for a judgment on the pleadings, which the court overruled, to which ruling plaintiff duly excepted. Counsel for plaintiff then made "a motion for a directed verdict" for plaintiff, upon the ground "that the answer and the opening statement

of counsel for defendants did not constitute a defense,'' which motion was overruled and exception duly entered.

Plaintiff was then called as a witness and testified as to the amount of the note, the payments made thereon, and the balance due. The note was then introduced in evidence and plaintiff rested.

The defendants, having pleaded a partial failure of consideration, pleaded what is termed an ''affirmative defense,'' which placed the burden upon them to sustain their allegation.

The defendants then offered evidence in support of the allegations of their answer, and at the close of their evidence in chief the plaintiff again made a motion asking the court to direct a verdict for plaintiff, which was overruled and exceptions taken. Plaintiff then offered evidence tending to show that he did not guarantee the cow in question to be with calf, to which rebuttal evidence was offered.

After the motion for new trial was filed, but before it was passed upon, plaintiff filed a motion for judgment for plaintiff ''*non obstante veredicto,*'' which was not separately passed upon, but was in effect overruled in overruling the motion for new trial and rendering judgment on the verdict.

Plaintiff contends that the court erred in overruling each and every one of these motions, because such rulings are in violation of Section 49 of the Uniform Sales Act, it being Section 8429 of the Ohio General Code. This section reads:

''In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise

or warranty in the contract to sell or the sale. But, if after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor.''

It will be observed that there is no allegation in the answer, nor any evidence whatever in the record, to show that defendants ever notified plaintiff that they claimed any breach of warranty as to said cow until they filed their answer in the case.

Counsel for plaintiff contends that in failing to allege the giving of notice as provided in said Section 8429 in defendants' counterclaim for breach of warranty, and in failing to prove the giving of such notice, the counterclaim did not state a defense; that defendants failed to prove a valid defense; and that plaintiff was therefore entitled to either a judgment on the pleadings or a directed verdict in his favor.

From this record it is clear that defendants acted under subdivision (a) of Section 8449, General Code, and accepted or kept the goods, and set up the breach of warranty by way of recoupment in diminution or extinction of the balance due on the purchase price.

Counsel for defendants contend that Section 8429 relates only to goods shipped to buyers for examination and acceptance of same, and has no application whatever to the instant case, where the cow was delivered at the time of the purchase.

We cannot agree with this contention, and we find no authority supporting it.

Some claim is made that the case of *Thomas* v. *Williamson Heater Co.*, 27 Ohio App., 137, 161 N.

E., 28, decided by the Court of Appeals in Hamilton county, being cause No. 20571 in the Supreme Court, which court overruled a motion to certify—a statement of which case may be found in the Gongwer State Reports for June 6, 1927, page 347—is authority for the position that an allegation in the answer and proof of notice were not necessary in the instant case.

It will be observed that all the court decided in that case was that "the trial court erred in treating the action as one of rescission, and not as an action for breach of warranty;" that from the statement in the Gongwer Report ample notice that the furnace did not heat satisfactorily was given; and that the question of notice was apparently not an issue in the reviewing courts.

The authorities seem to sustain the contention of the plaintiff. The United States Circuit Court of Appeals for the Sixth Circuit, in error to the District Court of the United States for the Southern District of Ohio, in the case of *Marmet Coal Co.* v. *People's Coal Co.*, 226 F., 646, decided in October, 1915, in the fourth and fifth paragraphs of the syllabus, held as follows:

"4. Under General Code Ohio, Section 8429, a purchaser has neither right of action for breach of warranty in a contract of sale, nor defense to an action for the purchase price, unless notice thereof is given within a reasonable time after ascertaining it.

"5. What is a reasonable time within which to give notice to a seller of breach of warranty is usually one of fact for the jury, though it may be

one of law, where there is no room for different inferences and the facts are undisputed.''

This same court again held to the same effect in *Bloch* v. *Eastern Mach. Screw Corp.*, 281 F., 777, in the third paragraph of the syllabus. The case of *Herbrand & Co.* v. *Lackawanna Steel Co.*, 280 F., 11, is also in harmony with this holding, although the question of notice of the breach was not involved in it, as notice was duly given.

This court has also heretofore held to this same effect in an unreported case, No. 294, in Columbiana county, *Carson* v. *Cadwallader*, decided December 3, 1925, and found in bound volume 8, page 166, in the Akron Law Library, and in the case of *McClarran* v. *Longdin-Brugger Co.*, 24 Ohio App., 434, 157 N. E., 828.

*Leonard, Crosset & Riley* v. *Weidner & Co.*, 14 Ohio App., 421, at the top of page 425, and *Liggett Bros. Coal Co.* v. *Payne*, 18 Ohio App., 478, are also in harmony with this view.

The rights of the parties being controlled by the Uniform Sales Act, which has been adopted in Ohio, the decisions in other states in which this law has also been adopted have a direct bearing on this question of notice.

The great weight of authority outside of Ohio is also to the effect that the giving of reasonable notice is a condition precedent to the right of recovery, that in an action for the recovery of the purchase price, or in a counterclaim for breach of warranty, a failure to allege the giving of notice as required by said Section 8429 renders the pleading demurrable and insufficient, and that without such allegation in the pleading it is error to admit evi-

dence concerning the breach of warranty over the objection of the seller. Williston on Sales (2d Ed.), vol. 2, Sections 484 and 484-a, at page 1260, also Section 488; *Rothenberg* v. *Shapiro*, (Sup.), 140 N. Y. S., 148; *Regina Co.* v. *Gately Furniture Co.*, 171 App. Div., 817, 157 N. Y. S., 746; *Canada Maple Exchange, Limited,* v. *Scudder Syrup Co.*, 223 Ill. App., 165; *Bass* v. *Bellofatto*, 96 N. J. Law, 320, 115 A., 302; *Eagle, Inc.,* v. *Sternberg*, 199 App. Div., 461, 191 N. Y. S., 800.

It appearing that there was no allegation in the answer that defendant had notified the plaintiff at any time, concerning said alleged breach of warranty, other than by the filing of his answer in the case after the action was commenced for the balance due on the note, and there being no evidence in the record to show that any such notice was ever given at any time other than the filing of the answer and the evidence in this case, it is clear that the court erred in overruling the plaintiff's motions for judgment on the pleadings, and to direct a verdict for the plaintiff, before the taking of any testimony, and also at the close of defendant's evidence in chief concerning said alleged breach of warranty, and that the judgment will therefore have to be reversed.

This brings us to the question: Should final judgment be entered or the case remanded to the common pleas court?

For aught that appears in the record, reasonable notice may have been given as required by Section 8429, General Code. Moreover, there is nothing in the pleadings or record, including the charge of the court, to show that counsel at any time prior to the conclusion of the trial called the court's attention

to Section 8429, General Code, or to the necessity of pleading and proving notice within a reasonable time. Had the court's attention been properly called to the question of notice, and had the court sustained any one of the plaintiff's three motions made during the trial, it was still within the discretion of the court, under our Civil Code, in the furtherance of justice, to have permitted the defendants to amend their pleading and offer evidence to show that reasonable notice had been given.

The court having held in favor of the defendants, the defendants were not called upon to ask the court for permission to interpose additional evidence upon this question, or to ask the court for permission to amend their answer, as, the court not having found that defendants could not avail themselves of all their rights under the pleadings and the evidence as they then were, there was no occasion for the defendants to ask for permission to amend their pleading and offer additional evidence. What would have been the proper course of the court in the exercise of his discretion as to permitting the defendants to amend their answer and offer additional evidence had he sustained any one of the three motions made by the plaintiff during the trial we do not desire to intimate, nor, indeed, do we have at the present time any opinion.

Under the situation as appears from the record in this case, it might result in greater prejudice and injustice between the parties to render a final judgment than to remand the case to the common pleas court for further action there, as we believe the court of common pleas is the proper court in which the discretion referred to should be exercised,

and that this court ought not, in the protection of the parties, to entirely rob that court of all power to exercise the discretion which might have been invoked if the defendants had not been misled by the view which the court took of the rights of the parties under the pleadings and the evidence as it now stands.

The case will therefore be remanded to the common pleas court for further proceedings according to law.

*Judgment reversed and cause remanded.*

WASHBURN, P. J., and PARDEE, J., concur.