CHARLES P. KIRSCH *vs.* EDWARD H. COON.

First Judicial District, Hartford, May Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued May 6th—decided June 2d, 1930.

*William B. Fitzgerald,* with whom, on the brief, was *Ulysses G. Church,* for the appellant (defendant).

*Thomas J. Wall,* for the appellee (plaintiff).

BANKS, J. This action was brought upon the common counts and a bill of particulars to recover the value of certain waterproofing materials. The defendant filed a special defense alleging that he bought the materials described in the plaintiff's bill of particulars of William Sanford for use in waterproofing the garage of Harry Johnson, that Sanford warranted that they would in fact make the garage waterproof and that they failed to do so. A demurrer to this defense was sustained on the ground that it alleged no facts which connected the plaintiff with the warranty. Upon the trial it appeared to be undisputed that Sanford was a salesman upon commission for the plaintiff and that he sold and delivered these materials to the defendant who used them upon the Johnson garage. Notwithstanding the ruling upon the demurrer the court admitted evidence offered by the defendant that Sanford had warranted that the material would effectively waterproof the garage and of a breach of the warranty, but thereafter held that the defendant had no right, under his general denial, to prove such a breach of warranty. With the affirmative defense of breach of an express warranty out of the case upon demurrer the evidence offered in support of it was inadmissible and should have been excluded. Its admission affords, of course, no ground for complaint by the defendant who offered it. The court found that the waterproofing was not effective, but that the plaintiff through his salesman did not warrant the effectiveness of the waterproofing under the conditions existing upon the job. The material was delivered in several shipments

between November 23d and December 1st, 1926, and the court found that with each shipment a bill was made out in the name of the plaintiff to the defendant and delivered to the latter with the materials. The court also found that the work of applying the material to the garage was completed about the first week in December, that on December 31st the plaintiff sent the defendant a complete itemized statement, and thereafter mailed him monthly bills to which the defendant paid no attention; that in April, 1927, he telephoned him requesting payment, and was told that the defendant would send him a check as soon as the garage owner paid for his contract, and that about a year after the goods were sold he again telephoned the defendant requesting payment, and then for the first time the defendant told him that the results of the work were not satisfactory to the owner of the garage and that the latter had not paid the defendant.

The ruling upon the demurrer was not harmful to the defendant since the court permitted him to prove upon the trial all the facts alleged in the special defense. The defendant attacks the finding that there was no warranty of the materials by the salesman of the plaintiff. The testimony of all of the defendant's witnesses that Sanford warranted the effectiveness of the waterproofing material was uncontradicted and apparently credible, and the defendant is entitled to have the finding corrected by the substitution of the paragraphs of his draft finding to the effect that such warranty was made. There was no evidence to support the finding that the bills for the material made out at the time it was shipped were presented by Sanford to the defendant, but that is immaterial since it is conceded that on December 31st the plaintiff sent the defendant a full itemized statement of the goods

delivered. Based upon its finding that the defendant used the materials upon the Johnson garage, and that in April, 1927, he promised to pay for them as soon as Johnson paid him, and that it was not until a year after the goods were delivered that the defendant made any claim of breach of warranty the court reached the conclusion that the defendant had accepted the material and had not given seasonable notice of the claimed breach of warranty, and that that defense was not available to him. Although these findings are attacked there was evidence in support of them, and the decisive question in the case is whether this conclusion of the court was one which it could legally and logically reach upon the facts found.

The waterproofing quality of these materials could only be ascertained by their actual use, and the defendant's use of them, or of such portion of them as was necessary to determine their quality, would not affect his right to reject them within a reasonable time for failure to comply with the warranty. But the defendant not only used them but made no claim for a year that they were unsatisfactory, and when payment was requested by the plaintiff promised to pay as soon as he was himself paid by Johnson. It was within the power of the trial court to find an acceptance of the goods as an inference from these facts. General Statutes, § 4714; *Thompson Machine & Supply Co.* v. *Graves,* 91 Conn. 71, 98 Atl. 331. If, after acceptance, the buyer fails to give notice to the seller of a breach of warranty within a reasonable time, the seller is not responsible for the breach. General Statutes, § 4715; *Williamsburgh Stopper Co.* v. *Bickart,* 104 Conn. 674, 681, 134 Atl. 233. The trial court was justified in its conclusion that the defendant did not give the plaintiff notice of the failure of these ma-

terials to effectively waterproof the garage within a reasonable time after he knew of the failure.

There is no error.

In this opinion the other judges concurred.