## GOODWORK, INC.
### vs
## DRAZEN LUMBER COMPANY

Superior Court     New Haven County     File #51616

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

William J. Carrig,          Attorney for the Plaintiff.

Sachs, Sachs & Sachs,       Attorneys for the Defendant.

**MEMORANDUM FILED MARCH 8, 1937.**

O'SULLIVAN, ). The complaint sets forth that the plaintiff engaged one Egger to line a large fire box with fire brick capable of withstanding a heat temperature of 3,200 degrees. Egger purchased brick from the defendants who warranted that the product would meet the specifications. As a matter of fact the brick was incapable of withstanding any heat in excess of 500 degrees, with the result that Egger was compelled to reconstruct the work at great expense.

Thereafter he assigned to the plaintiff, for a valuable consideration, all claims he might have against the defendant arising out of the purchase of the fire brick.

To this cause of action, the defendant has demurred and the limited question presented for solution is whether or not the complaint is defective in failing to allege the giving of notice to the defendant of the breach of warranty, in conformity with **Section 4669 of the General Statutes.**

The statute, which is a part of the Sales Act, reads:

"4669.

In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or in the sale; but if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows or ought to know of such breach, the seller shall not be liable therefor."

The giving of this notice is a condition precedent to a right of action. A buyer must allege as the basis of his claim that the terms of the statute, which are far more liberal than the rules at common law, have been complied with. **Williston on Sales (Sec. Ed.) Sec. 484; Regina Company vs. Gately Furniture Company, 171 App. Div. (N. Y.) 817; Eagle, Inc. vs. Sternberg, 199 App. Div. (N. Y.) 461.**

It is just as important to the seller that he be advised of a claim for a breach of his warranty as, analogously, it is to a city to know of a claim for damages for injuries received through a defective highway. Notice to a city must be not only proven but it must be alleged. **Forbes vs. Suffield, 81 Conn., 274.**

Accordingly, the complaint is defective in failing to allege the giving of a notice of the breach of warranty within a reasonable time, and the demurrer is sustained.