This action is based upon a claimed breach of warranty. There seems to be no question but that the plaintiff was injured on April 3, 1941. On that day, about 3:00 p.m., she purchased one-half of a pineapple pie from the defendants Anthony Delfino and Domenico Fanelli, doing business in the City of New Haven as the Bari Cash Grocery. About 8:45 p.m., while eating a piece of the pie in her home, a small piece of metal, apparently hidden in the fruit part of the pie, cut her right upper gum and became imbedded in the back part of the roof of her mouth.
The defendants, while attacking the severity and extent of the plaintiff's injuries, rely principally upon the claim that notice by the buyer, the plaintiff, to the seller, the defendants, of the breach of warranty was not alleged in the plaintiff's complaint, it being the contention of the defendants that not only must notice be proven as provided by section 4669 of the General Statutes, Revision of 1930, but it must be alleged in the plaintiff's complaint.
There can be no question on the proof that notice was given by the plaintiff to the defendants. Either on the day in question or on the next day the plaintiff notified the defendants of her injury and how it occurred. Immediately the defendants furnished her with medical attention. The evidence is ample to support this finding of reasonable notice. The giving of notice to the defendant was not alleged in the complaint.
Williston, referring to the requirement of such notice, says: "It has been held that the requirement of notice is a condition precedent to the buyer's right and that he must show as a basis of his claim that the terms of the statute have been complied with." (2 Williston, Sales (2d ed. 1924) § 484, p. 1259.)
This statement, judging by the language alone, can hardly *Page 163 
be authority for the claim that the giving of notice must be alleged in the complaint, although one of the cases cited under this section, Regina Co. vs. Gately Furniture Co.,
171 App. Div. (N.Y.) 817, 821, 157 N.Y.S. 746, 749, does state: "Such notice [of a breach of warranty] is, therefore, a condition precedent, and this he is obliged to plead .... and in the absence of such an allegation there is a failure to state the facts necessary to constitute a counterclaim." In the other case cited by Williston, Eagle, Inc. vs. Sternberg,199 App. Div. (N.Y.) 461, 465, 191 N.Y.S. 800, 802, there was no allegation that a notice of the defect was given to the plaintiff within a reasonable time. The court said: "The buyer must, as before stated, give notice within a reasonable time of this defect in quality, and must so allege if he would counterclaim by reason thereof in an action for the price. But the defense or counterclaim based upon these defects was not demurred to, nor was the evidence in proof thereof at any time objected to as not within the pleadings.... Without objection to the evidence, therefore, because not pleaded .... a question of fact for the jury was presented as to whether defendant notified plaintiff of the defects claimed within a reasonable time."
Our own Supreme Court has said in Truslow Fulle, Inc.vs. Diamond Bottling Corp., 112 Conn. 181, 186, where suit was brought for goods sold and an answer of defective condition alleged: "The claim is essentially one for failure of consideration. In the absence of any pleading of notice to the plaintiff of its breach of the contract within a reasonable time after acceptance of the caps, the judgment for the defendant upon the answer cannot be sustained."
"This clause [concerning notice] goes to the merits, and clearly defines the rights of the parties, and, to constitute a valid cause of action or counterclaim, it must appear that its terms have been complied with." Rothenberg vs. Shapiro,
(N. Y. Sup. Court) 140 N.Y.S. 148, 149.
In Bass vs. Bellofatto, 96 N.J.L. 320, 115 A. 302, the court held that where notice was not given it was right to sustain an objection to offered evidence regarding inferior quality of materials received.
It is true that in Burkhardt vs. Armour Co., 115 Conn. 249, and Borucki vs. MacKenzie Bros. Co., Inc., 125 id. 92, notice was not alleged. Apparently the question was not *Page 164 
raised. However, in Sapiente vs. Waltuch, 127 Conn. 224, notice was alleged in the complaint. It would seem necessary therefore that notice of defect be alleged in the complaint, or in the counterclaim when suit is brought for the price of goods sold. A failure to do so may be taken advantage of by demurrer, as pointed out in Goodwork, Inc. vs. Drazen LumberCo., 4 Conn. Sup. 464.
The defendants did file a demurrer to the complaint which, however, did not allude to the matter of notice. The failure to plead notice was not attacked in the pleadings nor by objection to evidence being offered as not within the scope of the pleadings. Have the defendants therefore waived the defect of pleading?
Reasoning by analogy from the holdings of our Supreme Court concerning the failure to allege that one is the actual and bona fide owner of a chose in action under section 5531, of the General Statutes, Revision of 1930, which require specifically that such facts shall be alleged in the complaint, it would seem that these defendants had waived the failure of the plaintiff to allege the giving of notice. In Bennett vs.Lathrop, 71 Conn. 613, 616, it is said: "The omission in the complaint of the averment required by statute, that the plaintiff was the actual and bona fide owner of the several choses in action, was a formal defect of pleading which could only have been taken advantage of by demurrer. Wall v. Toomey,52 Conn. 35, 39; Trowbridge v. True, ibid. 190; Merwin v. Richardson,
ibid 223; Donaghue v. Gaffy, 53 id. 43."
The headnote in Trowbridge vs. True, 52 Conn. 190 says: "Under the Practice Act it is necessary that all objections to a complaint should be taken advantage of by demurrer. It was intended that every matter that is preliminary in its character and that can be reached by preliminary objections, should be brought to the attention of the court and disposed of before the trial of the case upon its merits." Or as Donaghue vs.Gaffy, 53 Conn. 43, 52, says: "And the spirit of the Practice Act accords well with the letter, in that its design is manifest to have all formal and technical objections made known as early as practicable, so that the plaintiff may amend or proceed anew, and the parties may, as expeditiously and inexpensively as possible, reach and settle their controversy upon its merits."See, also, Bradley vs. Sobolewsky, 91 Conn. 492, 495; Raymond *Page 165 vs. Bailey, 98 id. 201, 209; Hudson vs. Roberts,
104 id. 126, 128.
It is, of course, quite understandable why counsel may not care to demur or even to object when evidence of notice is offered. By the demurrer he points out the weakness in the plaintiff's complaint and affords him an opportunity to amend if in fact a notice of defect was given. The defendant usually knows in advance of trial whether such notice was given. If it was not given then the demurrer is fatal to the cause of action. If during the trial counsel objects to evidence of the notice because not within the pleadings, then, usually, an amendment alleging the notice is allowed by the court. So counsel sits back relying a wee bit, at least, on the hope that the plaintiff may offer no evidence of notice having been given. If this latter course is adopted then he runs the risk of waiver and that is as it should be, in the light of the law cited above. the defendants' claim regarding the matter of notice, for the reasons as stated, is therefore overruled.
The plaintiff was a waitress in the Yale Dining Hall at $14 a week. She was out of work three weeks. Although she sought to continue her employment the head dietician forbade her working as there was an excessive flow of saliva in her mouth due to her injury necessitating the constant use of a handkerchief. And as she was handling food it was thought best apparently to keep her away from serving patrons. The physician the defendants sent to the plaintiff, the day after her injuries were received, said there were several lacerations which should heal completely in two weeks. And the physician who examined her about two weeks after incurring her injuries said he found no evidence of them at that time and that the injuries she described would not interfere with her working, although she told him she had been forbidden to work. Considering the nature of her employment, it would seem that although her injuries were actually not sufficient to incapacitate her from working nevertheless they were sufficient and of a kind to call for her employer forbidding her to handle food. It would seem, therefore, that this is a damage naturally resulting from the injuries which she sustained. Her medical expense totaled $13. At least two weeks disability should be allowed her.
 The issues are found and judgment is directed for the plaintiff to recover of the defendants, Anthony Delfino and