702

HUNT FOODS, Inc. v. GAER BROS., Inc.

Civ. No. 2365.

United States District Court
D. Connecticut.

Nov. 2, 1949.

James D. Cosgrove, Hartford, Conn., Leo J. Dowling, Hartford, Conn., for plaintiff.

Irving S. Ribicoff, Ribicoff & Ribicoff, Hartford, Conn., for defendant.

SMITH, District Judge.

This is an action by a producer and seller of canned goods on trade acceptances with a counterclaim for breach of warranty on an earlier sale of canned red raspberries.

There is no issue on the trade acceptances. They were accepted by defendant, duly presented, and payment refused on a stop-payment order by defendant. Plaintiff must, therefore, prevail on the complaint unless defendant recovers judgment in equal or greater amount on the counterclaim.

The principal factual issues on the counterclaim are whether the condition of the berries when shipped breached the contract of sale by being then of less than fancy grade, or the implied warranty of fitness for sale to the buyer's customers, and, if so, whether defendant is barred from recovery on the counterclaim because inspection and claim for defects were not made within a reasonable time after shipment or within the time called for by the contract of sale. There is also the question whether timeliness of inspection and claim are properly before the Court on the pleadings herein.

It is not easy to determine the condition of the berries at the time of shipment.

Prior sampling of the pack by the seller did not reveal the defects complained of here. Upon delivery to defendant's customers some four months after receipt of the berries by defendant, complaints were received and inspection made, however, which showed that a high percentage of the cans tested contained disintegrated berries in large proportion, which condition, while it did not affect color or wholesomeness, did render the berries unsalable as fancy berries, the grade in which they were labeled and as which they were sold by plaintiff to defendant.

Defendant complained to the United States Food and Drug Administration which libeled the shipment as mislabeled. Plaintiff claimed the berries and on the date of trial herein, May 12, 1949, agreed to a consent decree of condemnation, with permission to relabel.

■ If the berries were whole when shipped, they were fancy and defendant must stand the loss caused by later disintegration. Rough handling on shipment or warehousing under conditions of extreme heat might, according to the evidence, cause disintegration. It appears more likely from the testimony of the expert witnesses, however, that the disintegration took place before shipment and was caused by the fragile nature of the berries, dampness when picked, and the lack of a sufficiently dense sugar solution for use in the canning properly to firm the berries. We must find, therefore, breach of both the express and implied warranties established by a fair preponderance of the evidence.

The delay in opening the cans, however, and in discovering the breach, as well as the failure of the parties over so long a period to agree upon the reclaiming and disposition of the goods, have caused additional lessening of the value of the berries by changes in color and taste through long storage.

■ The contract of sale was on a form in general use in the trade, entitled "Pacific Coast F.O.B. Canned Foods Contract". It contained a provision that claims other than for swells must be presented within ten days from receipt of goods. Admittedly, no inspection of the contents of the cans or claim of breach of warranty was made by defendant within ten days after receipt of the goods, nor indeed, for some four months. Defendant seeks to avoid the application of the ten-day provision on two grounds, (1) that it is so short as to be unreasonable and thus unenforceable, and (2) that it was not pleaded as a defense nor raised until final argument after trial. The late raising of the defense made no difference so far as the presentation of evidence was concerned, but might have made a difference in the long-drawn-out and fruitless negotations for salvage of the berries. Yet the provision is plainly noticeable in the body of the contract which was at all times in the hands of the defendant or its counsel. Moreover, the burden is upon the claimant (defendant here) to plead and prove compliance with the notice provision of the contract as part of its prima facie case.[1]

Even if it were not, evidence has been received on the issue, both in the marking of the contract in evidence on pre-trial and in the testimony of Gaer on the trial. The issue is before the Court.[2]

■ The ten-day provision for claim is not unreasonable.[3] In view of the provisions of the Sales Act[4] and of the contract, the defendant had the choice of inspecting some of the cans within ten days or relying on a voluntary

1. Cf. Goodwork, Inc., v. Drazen Lumber Co., 1937, 4 Conn.Sup. 464; Truslow & Fulle, Inc., v. Diamond Bottling Corporation, 1930, 112 Conn. 181, 151 A. 492, 71 A.L.R. 1142.

2. Cf. Rule 15(b) F.R.C.P. 2 Moore, Federal Practice, 2nd Ed. 1695–6; Tillman v. National City Bank of New York, 2 Cir., 1941, 118 F.2d 631.

3. Cf. Whitaker v. Cannon Mills Co., 1945, 132 Conn. 434, 45 A.2d 120.

4. Conn. General Statutes, Revision of 1930. Sections 4667, 4668, 4669, 4692. Conn. General Statutes, Revision of 1949. Section 6662, 6663, 6664, 6687. Williamsburgh Stopper Co. v. Bickart, 1926, 104 Conn. 674, 681, 134 A. 233; Whitaker v. Cannon Mills Co., supra, note 3.

adjustment by the plaintiff of later-discovered defects.

The issue of notice within the ten days must be decided against the defendant, claimant here on the counterclaim, and no waiver or estoppel of the plaintiff being established, this is fatal to defendant's recovery for the breach of warranty.

Judgment may be entered for the plaintiff to recover of the defendant on the complaint the amount of each trade acceptance with interest from its due date to date of judgment and its costs, and in favor of the plaintiff dismissing the counterclaim.

